

**RECEIVED** PJJ
5/14/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**COVER LETTER TO CLERK**

## Karen Sam and Robert Sam

639 stonegate dr
Sycamore Illinois 60178
779-777-3265
harpees5@yahoo.com

%&)!W!$)')%
>i X[ Y´A UИ\ Yk ˙: "?YbbY`m
A U[ ]glf UhY´>i X[ Y´@Ji f U´? "A WBU`m
F 5 B8 C A ˙#7 UИ˙&

## Date: 4/25/25

## Clerk of the Court
U.S. District Court
Northern District of Illinois
Re: Filing of Complaint – Sam v. DeKalb Housing
Authority, et al.

Dear Clerk,

Please accept for filing the enclosed documents submitted by the Plaintiffs, Karen Sam and Robert Sam, who are proceeding **pro se**:

1. Complaint for Damages and Injunctive Relief

2. Civil Cover Sheet

3. Application to Proceed In Forma Pauperis

4. Motion to Appoint Counsel

5. Summons forms for each named Defendant (8 total)

6. Notice of Related Cases (if applicable)

We are requesting to proceed without prepayment of fees due to indigency and respectfully request that the U.S. Marshals Service serve the summonses should our IFP application be granted.

Thank you for your attention to this matter.

Sincerely,

Karen **sam and Robert Sam**

4/25/25

# IN THE UNITED STATES DISTRICT COURT FOR THE Northern District of Illinois

**KAREN SAM, Robert Sam individually and on behalf of their minor daughter H.S.,**
Plaintiffs,

V.

**DEKALB HOUSING AUTHORITY, Illinois Housing Development Authority , TOWN OF SYCAMORE, United States Housing Authority** Defendants.

Case No.: _____

Judge: _____

Jury Trial Demanded

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

# INTRODUCTION

1. This case arises from a coordinated and unlawful effort by the DeKalb Housing Authority, HUD officials, local government actors, and a private landlord to unlawfully strip Plaintiffs of their housing voucher, delay their lawful porting rights, interfere with their federally protected rights, and forcibly evict a medically fragile family without proper process, adequate notice, or lawful justification.

2. Plaintiff Karen Sam and her husband Robert Sam, acting on behalf of themselves and their disabled

minor daughter H.S., were eligible for and receiving housing assistance through the Housing Choice Voucher program. After successfully overturning a prior eviction, they sought to port their voucher to another jurisdiction as allowed under federal law.

3. Despite this lawful right, the DeKalb Housing Authority—led by caseworker Alexis Moreland—delayed the port for several months, violating HUD regulations requiring prompt action and using the delay to allow landlord Melissa Mobile, represented by Nicholas Cronauer, to refile a new eviction case.

4. During this period, Plaintiffs contacted HUD—specifically **James Cunningham** and **HUD Secretary Marcia Fudge**—over **50 times**, pleading for enforcement and intervention. Their requests were ignored, and HUD failed to fulfill its supervisory or regulatory duties.

5. Compounding this harm, the Town of Sycamore, despite knowing the rental unit failed multiple inspections and posed safety risks, failed to enforce its own inspection orders, further endangering the family's health and facilitating eviction.

6. In a particularly egregious act, Defendant Melissa Mobile attempted to interfere with Robert Sam's parental rights, seeking to remove his disabled

daughter from his custody as part of the retaliation and eviction campaign.

7. Plaintiffs seek **$7 million** in compensatory and punitive damages for the unlawful actions and inactions of all named defendants, which directly led to homelessness, medical deterioration, loss of income, mental anguish, and irreparable harm to a disabled child.

## JURISDICTION

8. This Court has jurisdiction over this action under **28 U.S.C. § 1331** (federal question), as this case arises under the **Fair Housing Act (42 U.S.C. §§ 3601–3619), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), the Americans with Disabilities Act (42 U.S.C. §§ 12131–12134)**, and **42 U.S.C. § 1983** for violations of the Plaintiffs' constitutional rights under the Fourteenth Amendment.

9. This Court also has jurisdiction under **28 U.S.C. § 1343** for violations of civil rights under color of law and under **5 U.S.C. § 702** for claims against HUD under the **Administrative Procedure Act** for failure to act in accordance with federal law.

10. Supplemental jurisdiction over state law claims is appropriate under **28 U.S.C. § 1367(a)**.

## VENUE

11. Venue is proper in the **Northern District of Illinois** under **28 U.S.C. § 1391(b)** because a substantial part of the events or omissions giving rise to this claim occurred in this District, including in **DeKalb County** and the **Town of Sycamore**, Illinois.

## Plaintiffs

12. **Robert Sam** is a resident of Illinois and the legal head of household on a Housing Choice Voucher. He is the father and full-time caregiver of a disabled minor child. He brings this action on behalf of himself, his wife, and their daughter, all of whom were directly harmed by the acts and omissions alleged herein.

13. **Karen Sam**, Robert's wife, is a medically disabled individual and a joint tenant under the voucher program. She is a co-plaintiff in this action and a protected person under the Americans with Disabilities Act and Rehabilitation Act.

14. **H.S.** is a 15-year-old disabled minor child, represented herein by her parents, Robert and Karen Sam. She suffered medical and emotional harm as a result of the defendants' unlawful actions.

## Defendants

15. **DeKalb Housing Authority (DHA)** is a public housing agency organized under Illinois law,

responsible for administering the Section 8 Housing Choice Voucher program in DeKalb County. DHA is a recipient of federal funds and is subject to the requirements of the Fair Housing Act, the Rehabilitation Act, and HUD regulations.

16. **Illinois Housing Development Authority (IHDA)** is a state agency established under Illinois law responsible for financing and overseeing affordable housing programs throughout the state. IHDA administers funding for housing choice vouchers, landlord incentive programs, and accessibility initiatives, and receives both state and federal funding. IHDA had oversight authority in matters involving Plaintiffs' voucher portability and access to housing, and it failed to intervene or enforce compliance with housing laws and disability protections despite being on notice of the Plaintiffs' complaints and medical hardship.

17. **Town of Sycamore** is a municipal government with authority over building safety and inspections. It ignored findings from its own inspectors regarding unsafe conditions in the Plaintiffs' rental home, allowing the landlord to avoid enforcement and continue unsafe occupancy.

18. HUD **United States Department of Housing and Urban Development (HUD)** is a federal agency

responsible for overseeing compliance with the Housing Act, ADA, and Fair Housing Act. HUD is sued for declaratory and injunctive relief under the APA and Bivens theory of liability.

**FACTUAL ALLEGATIONS**

24. Plaintiffs Robert and Karen Sam were long-time participants in the Housing Choice Voucher Program, administered locally by the DeKalb Housing Authority (DHA) and overseen federally by the U.S. Department of Housing and Urban Development (HUD). They resided at a property managed by Defendant Melissa Mobile through BKA Holdings LLC.

25. The family includes H.S., a 15-year-old child with serious medical conditions requiring stability, special accommodations, and continuous care. Karen Sam also suffers from multiple chronic medical conditions, making her a protected individual under federal disability laws.

26. In 2023, the Plaintiffs successfully **overturned a prior eviction** ruling on appeal, and the housing authority was required to process a **portability request** so they could move to a safer, better-suited location in another jurisdiction.

27. **Despite this legal obligation**, DHA, through its employee **Alexis Moreland**, delayed processing the port request for months. Emails and phone records will show repeated communication by Robert Sam urging the DHA to comply with the law and complete the paperwork required under **24 C.F.R. § 982.355(c)**.

28. The delay was **strategic and retaliatory**. While stalling the port request, **Melissa Mobile** and her attorney **Nicholas Cronauer** refiled a new eviction case, relying on the housing authority's delay to assert that the family had no current voucher protection.

29. Plaintiffs immediately began contacting HUD. **Over 50 separate outreach efforts** were made by Robert Sam via email and voicemail to **James Cunningham**, a regional HUD official, pleading for assistance. He also directed communications to **HUD Secretary Marcia Fudge**, urging her to intervene and stop the unlawful actions.

30. Despite being fully informed of the situation, HUD **took no action**. The port request was never enforced, the housing authority faced no consequences, and the family was left vulnerable to an unlawful eviction process they had already won once before.

31. During this period, **the Town of Sycamore had previously inspected the Plaintiffs' rental unit** and identified **serious repair violations**. These included dangerous conditions that posed health risks to Karen and H.S. Despite its own findings, the Town **refused to enforce the orders**, allowing the landlord to continue noncompliance and use unsafe housing as a basis for eviction.

32. After the port request was stalled, the Plaintiffs were **evicted again**, this time without legal justification or final court order. Their loss of housing caused immense suffering—Robert was forced to move his family into a hotel, their belongings were placed into storage, and the stress caused Karen's medical condition to worsen severely.

33. In an act of retaliation and cruelty, **Melissa Mobile attempted to interfere with Robert Sam's parental rights**, contacting third parties and initiating efforts to **seize custody of H.S.**, using the family's housing instability as a pretext. This traumatized the entire family and escalated the harm far beyond mere loss of shelter.

34. Despite the clear violations of federal housing law, due process, and disability protections, **HUD and its officials refused to act**, even after being provided with court orders, medical records, and witness

statements proving the retaliation and procedural misconduct.

35. Plaintiffs have suffered the **loss of their housing voucher**, ongoing **homelessness**, **severe medical decline**, **loss of income**, and **emotional trauma**. Their daughter H.S. has been robbed of safety, routine, and stability—conditions essential to her development and health.

**Count I – Violation of the Fair Housing Act (42 U.S.C. § 3601 et seq.)**

**(Against DeKalb Housing Authority, HUD, IHDA, and the Town of Sycamore)**

36. Plaintiffs reallege and incorporate all preceding paragraphs.

37. The Fair Housing Act prohibits discrimination based on disability and retaliation for asserting housing rights.

38. Defendants:

- **Refused to process a port request** in violation of federal housing law.

- **Evicted a medically fragile family** without valid cause.

- **Ignored dangerous housing conditions**, exposing the family to health risks.

- **Attempted to interfere with family integrity and custody.**

39. These actions had a **discriminatory impact** on disabled individuals—Karen Sam and H.S.—and constituted both **direct discrimination and retaliation** under the FHA.

40. Plaintiffs are entitled to actual and punitive damages.

## Count II – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

## (Against DHA and HUD  and IHDA)

41. Plaintiffs reallege and incorporate all preceding paragraphs.

42. DHA and HUD are recipients of federal funds and must not exclude or deny services to persons with disabilities.

43. By delaying the port, ignoring accommodation needs, and enabling eviction of a family with medically fragile members, defendants **violated Section 504**.

44. Defendants failed to provide reasonable accommodations or ensure equal housing access, despite being fully aware of the family's medical conditions and requests.

45. Plaintiffs suffered financial loss, instability, trauma, and harm as a result.

## Count III – Violation of Americans with Disabilities Act (ADA, Title II – 42 U.S.C. § 12132)

## (Against DHA, IHDA,Town of Sycamore, and HUD)

46. Plaintiffs reallege and incorporate all preceding paragraphs.

47. As public entities, DHA and the Town of Sycamore are required to accommodate disabled individuals and avoid discriminatory practices.

48. By:

- **Failing to enforce safety codes** known to endanger a disabled family,

- **Delaying critical voucher processing**, and

- **Facilitating forced displacement**,

Defendants engaged in **disability discrimination**.

49. HUD's failure to act similarly violated its supervisory obligations under the ADA.

## Count IV – Due Process Violation (42 U.S.C. § 1983 – Fourteenth Amendment)

## (Against DHA, HUD, Town of Sycamore, and IHDA)

50. Plaintiffs reallege and incorporate all preceding paragraphs.

51. The Fourteenth Amendment guarantees a right to fair process before deprivation of property (voucher), liberty (family integrity), and housing.

52. Defendants acted under color of law to:

- **Deprive Plaintiffs of a housing voucher without process**;

- **Facilitate eviction despite an overturned judgment**;

- **Ignore legal rights clearly established by law**.

53. These actions constitute **a violation of procedural and substantive due process**.

## Count V – Negligence and Deliberate Indifference (Monell Liability)

## (Against DHA, IHDA and Town of Sycamore)

54. Plaintiffs reallege and incorporate all preceding paragraphs.

55. DHA and the Town of Sycamore had **policies, customs, or failures in supervision** that led to the harm alleged.

56. These entities acted with **deliberate indifference** to known, serious risks to Plaintiffs' safety, health, and housing rights.

## Count VI – Intentional Infliction of Emotional Distress

**(Against DeKalb Housing Authority, HUD, Town of Sycamore, and IHDA)**

60. Plaintiffs reallege and incorporate all preceding paragraphs.

61. Defendants engaged in **extreme and outrageous conduct** by:

- **Knowingly delaying and obstructing the portability of Plaintiffs' housing voucher** following a successful appeal, despite full knowledge of the Plaintiffs' medical and disability status.

- **Ignoring repeated pleas for assistance**, including over **50 documented outreach attempts** to HUD officials regarding unlawful eviction activity and medical emergency circumstances.

- **Failing to enforce building safety violations** that posed health risks to a disabled woman and child, despite inspection reports and prior findings by the Town of Sycamore.

- **Allowing the loss of federally funded housing assistance**, resulting in eviction, homelessness, loss of medical stability, and extreme hardship during winter months.

62. These actions, taken with deliberate indifference to the Plaintiffs' health, stability, and legal rights,

caused **severe emotional distress** to the Plaintiffs, including trauma, anxiety, fear of losing custody of a disabled child, and ongoing psychological harm.

63. Defendants' conduct exceeds all bounds of decency tolerated in a civilized society and justifies compensatory and punitive damages under Illinois law.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Robert Sam, Karen Sam, and H.S., by and through their undersigned, respectfully request that this Honorable Court enter judgment in their favor and against all Defendants, jointly and severally, and award the following relief:

1. **Compensatory damages** in the amount of **$7,000,000.00**, including but not limited to:

   - Loss of housing voucher and housing stability

   - Medical deterioration and health consequences

   - Emotional distress and trauma

   - Out-of-pocket expenses for storage, moving, and temporary lodging

   - Loss of educational continuity and safety for H.S.

2. **Punitive damages** against individual defendants for their willful, malicious, or reckless conduct.

3. **Declaratory judgment** that Defendants' actions violated Plaintiffs' constitutional and statutory rights under federal law.

4. **Equitable relief**, including an order reinstating voucher rights or directing HUD to remedy the loss.

5. **Costs of suit** and **reasonable attorney's fees** under 42 U.S.C. § 1988 and other applicable statutes.

6. **Any other relief this Court deems just and proper.**

# DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues so triable.

Respectfully submitted,
**Karen Sam**, Robert Sam Pro Se

04/25/25

639 stonegate dr sycamore Illinois 60178
779-777-3265
harpees5@yahoo.com