**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| KAREN SAM, *et al.*, | ) | |
|      Plaintiffs, | ) | |
| | ) | No. 25 CV 50219 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| DEKALB HOUSING AUTHORITY, *et al.*, | ) | |
|      Defendants. | ) | |

**ORDER**

Plaintiffs Robert Sam, Karen Sam, and their minor child, H.S., have sued four defendants: the DeKalb Housing Authority, the Illinois Housing Development Authority, HUD, and the City of Sycamore. In their *pro se* complaint, they allege that as a result of getting a prior eviction overturned in state court, "the housing authority was required to process a portability request," but it failed to do so and HUD refuses to intervene. They further allege that the Housing Development Authority has "oversight authority" over "voucher portability," and the City of Sycamore refuses to order repairs of serious violations it has identified. In addition to the complaint, the plaintiffs have filed (1) a motion for leave to proceed in forma pauperis [4], (2) Karen Sam's motion for counsel [5], and (3) a motion for "judicial clarification" and, if necessary "for substitution due to potential conflict" [10].

The plaintiffs' application to proceed in forma pauperis establishes their indigency under 28 U.S.C. § 1915(a)(1), and therefore their motion for leave to proceed in forma pauperis [4] is granted.

Karen Sam's motion for counsel [5] is denied. According to her motion, she sought representation from Prairie State and multiple law firms, but none have returned her calls. However, the remainder of her motion does not establish a need for counsel. She does not claim an inability to read or write, in fact she reveals that she completed some college work, and her complaint demonstrates that she is able to describe the events that occurred to her and the rights she alleges that conduct violated. Although she alleges she is disabled, nothing in the motion suggests any impairment in her ability to continue prosecuting her position. Her motion is denied without prejudice to being able to request counsel again later in the case if developments warrant. Any renewed motion should discuss how the factors set out in *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), favor the recruitment of counsel.

The motion for clarification and substitution [10] is also denied. According to the motion, the judge in the plaintiffs' state court eviction proceeding, Judge Bradley Waller, mentioned he is acquainted with me. That is true. However, we have never discussed that case, this case, or the plaintiffs.

One final point.  A parent may sue on behalf of a minor child, but may not do so *pro se*, and instead may do so only through counsel.  *See Amaya v. Pitner*, 130 Fed. Appx. 25, 27 (7th Cir. 2005).  Accordingly, the claims brought on behalf of the Sams' minor child, H.S., are dismissed from this case without prejudice.

The Sams are advised that the Northern District of Illinois' website has information they may find useful on its webpage entitled "Pro Se / Representing Yourself."  The Hibbler Memorial Pro Se Assistance Program may also have appointments available at hibbler-memorial-pro-se-assistance-program.appointlet.com.

Date: July 3, 2025          By:    _____

Iain D. Johnston
United States District Judge