

FILED
8/6/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXM

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

**Robert Sam, Karen Sam,**

**Plaintiffs**

v.

**DeKalb Housing Authority, Illinois Housing Development Authority, Town of Sycamore, and U.S. Department of Housing and Urban Development, Defendants**

Case No.: 25-cv-50219

# PLAINTIFFS' MOTION TO CONFIRM JURISDICTION AND SUFFICIENCY OF THE PLEADINGS, AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, appearing pro se and having been granted leave to proceed in forma pauperis, respectfully move this Court to confirm that jurisdiction and venue are proper, and that the complaint satisfies the pleading standards of Federal Rule of Civil Procedure 8(a), thereby precluding dismissal under Rule 12(b)(1) or 12(b)(6). In support, Plaintiffs state as follows:

# I. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiffs filed this civil action alleging violations of the Fair Housing Act ("FHA"), Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and the Administrative Procedure Act ("APA"), among other claims, against the above-named defendants.

2. Plaintiffs' claims arise from ongoing discriminatory and retaliatory actions connected to housing voucher denial, porting delays, unsafe housing conditions, eviction, and denial of accommodations based on disability.

3. The Court granted Plaintiffs' motion to proceed in forma pauperis and directed service by the U.S. Marshals Service. One party has been served and service on remaining defendants is in process.

4. This motion is brought preemptively to affirm the Court's jurisdiction and the sufficiency of the pleadings, in anticipation of potential Rule 12 motions.

# II. LEGAL STANDARD

## A. Federal Rule of Civil Procedure 8(a)

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## B. Motion to Dismiss Under Rule 12(b)(6)

A complaint survives a 12(b)(6) motion if, accepting the allegations as true and drawing reasonable inferences in favor of the plaintiff, the facts "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## C. Jurisdiction Under 28 U.S.C. § 1331 and § 1367

The Court has federal question jurisdiction under § 1331 for claims arising under the FHA, ADA, Rehabilitation Act, § 1983, and APA, and supplemental jurisdiction under § 1367 for related state law claims.

# III. JURISDICTION AND VENUE

5. This Court has **federal question jurisdiction** under 28 U.S.C. § 1331 because the complaint asserts claims under:

   - The Fair Housing Act (42 U.S.C. §§ 3601–3619)

   - Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

- ◦ Americans with Disabilities Act, Title II (42 U.S.C. §§ 12131–12134)

- ◦ 42 U.S.C. § 1983 (Fourteenth Amendment Due Process)

- ◦ The Administrative Procedure Act (5 U.S.C. § 702)

6. This Court has **supplemental jurisdiction** under 28 U.S.C. § 1367(a) over related Illinois state law claims for negligence, intentional infliction of emotional distress, and other torts arising from the same nucleus of facts.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, including in DeKalb County and the Town of Sycamore, Illinois.

## IV. STANDING

8. Plaintiffs have alleged:

- ◦ **Concrete injury**: eviction, loss of housing voucher, homelessness, medical deterioration, and threats to family stability.

- ◦ **Traceability**: each injury is directly tied to acts or omissions by the named defendants.

- ○ **Redressability**: the relief requested, including damages and injunctive orders, will address these harms.

9. These allegations satisfy Article III standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

# V. ANTICIPATED DEFENSES AND PLAINTIFFS' PREEMPTIVE REBUTTAL

10. **Standing**
Plaintiffs have alleged concrete, particularized, and ongoing injuries directly traceable to Defendants' actions, which this Court can redress. This satisfies Article III standing. See *Lujan*, 504 U.S. 555.

11. **Rooker–Feldman Doctrine**
This action does not seek appellate review of any state court judgment. Plaintiffs assert independent federal claims under the FHA, ADA, § 1983, and APA based on Defendants' conduct, regardless of any state proceedings. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280 (2005).

12. **Sovereign Immunity**
Sovereign immunity does not bar this action because:
(1) HUD is sued under the APA for injunctive and declaratory relief;
(2) ADA Title II, Section 504, and the FHA abrogate

Eleventh Amendment immunity for state entities like IHDA and DHA; and
(3) IHDA's acceptance of federal funds constitutes a waiver of immunity under Section 504. See *Tennessee v. Lane*, 541 U.S. 509 (2004).

## 13. Qualified Immunity

Qualified immunity does not apply at the pleadings stage where plaintiffs allege violations of clearly established federal rights, including reasonable accommodation under ADA/FHA and due process protections in housing voucher administration. See *Hope v. Pelzer*, 536 U.S. 730 (2002).

## 14. Monell Liability

Plaintiffs have alleged that municipal defendants maintained policies, customs, and deliberate indifference to unlawful practices, directly causing the harms alleged. These allegations satisfy *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## 15. Exhaustion of Remedies

No administrative exhaustion requirement applies to FHA, ADA Title II, or § 1983 claims. In any event, Plaintiffs have filed over 50 complaints with HUD and made multiple formal requests for accommodation, demonstrating both diligence and futility of further administrative pursuit.

# VI. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Confirm that jurisdiction and venue are proper;

2. Confirm that the complaint satisfies Rule 8(a) and withstands Rule 12(b)(6) scrutiny;

3. Order that the case proceed to discovery without delay; and

4. Grant such other relief as the Court deems just and proper.

**Respectfully submitted,**

/s/ Robert Sam
Robert Sam, Pro Se
639 stonegate dr sycamore Illinois 60178
779-777-3265
harpees5@yahoo.com

/s/ Karen Sam
Karen Sam, Pro Se
639 stonegate dr sycamore Illinois 60178
779-777-3265
harpees5@yahoo.com

Date: 8/6/25