



FILED
9/10/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

LJ

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# WESTERN DIVISION

**KAREN SAM and ROBERT SAM,**
Plaintiffs,

v.

**CITY OF SYCAMORE, ILLINOIS, et al.,**
Defendants.

Case No. 25-cv-50219
Judge Iain D. Johnston
Magistrate Judge Margaret J. Schneider

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CITY OF SYCAMORE'S MOTION TO DISMISS**

## INTRODUCTION

The City of Sycamore seeks dismissal by recasting Plaintiffs' detailed allegations as "conclusory" and by

claiming the City has no responsibility when its own inspections documented dangerous conditions in Plaintiffs' home. At this Rule 12(b)(6) stage, the Court must accept all well-pleaded allegations as true and draw every reasonable inference in Plaintiffs' favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiffs' Complaint is not threadbare. It pleads in detail how Sycamore ignored its own inspection findings, coordinated with private actors, and cloaked private retaliation in municipal discretion — conduct that directly harmed Plaintiffs, a disabled family who lost safe housing, Section 8 voucher protection, and suffered severe medical and emotional consequences. That is more than enough to state claims under the Fair Housing Act (FHA), the Americans with Disabilities Act (ADA), 42 U.S.C. § 1983, and Illinois law.

Sycamore's motion should be denied.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests sufficiency, not merits. The Court must accept the complaint's facts as true and construe them liberally in Plaintiffs' favor. *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019). Dismissal is appropriate only if Plaintiffs can prove no set of facts entitling them to relief.

# ARGUMENT

## I. Plaintiffs Have Standing

Sycamore argues Plaintiffs lack standing because "the City had no duty to enforce such repairs or guarantee compliance". This misstates the law and the pleadings.

Plaintiffs do not allege a generalized grievance. They allege:

- City inspections **documented code violations** that endangered a disabled family.

- The City then **refused to enforce its own findings** and instead allowed the landlord to proceed toward eviction.

- This directly caused injury: unsafe housing, medical deterioration, loss of voucher, and eventual homelessness.

This causal chain is concrete and particularized. *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 261 (1977), recognizes standing where municipal action or inaction blocks housing access.

## II. Count I States a Plausible FHA Retaliation Claim

Sycamore claims Plaintiffs "do not allege facts showing that they actually engaged in a protected FHA activity" and that no adverse action is identified. This ignores the Complaint's specifics:

- Protected activity: Plaintiffs repeatedly reported uninhabitable conditions and sought enforcement of rights to habitable housing for a disabled child (Compl. ¶¶ 25–27, 36–39).

**Additional Authority**

Section 3617 of the FHA makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of" rights granted under the Act. 42 U.S.C. § 3617. Courts interpret this protection broadly to reach "all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws." *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) (en banc).

To state a retaliation claim, Plaintiffs need only allege: (1) they engaged in protected activity under the FHA; (2) the defendant subjected them to an adverse action; and (3) a causal link exists between the protected activity and the adverse action. *East-Miller v. Lake County Highway Dep't*, 421 F.3d 558, 563 (7th Cir. 2005). At the pleading stage, this standard is met where facts allow a reasonable inference of retaliation.

Here, Plaintiffs reported uninhabitable conditions affecting a disabled child (protected activity), the City refused enforcement and facilitated eviction (adverse action), and this refusal followed Plaintiffs' complaints (causation). That is precisely the kind of retaliation § 3617 was designed to prevent. See also *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327, 330–31 (7th Cir. 2004) (FHA retaliation claims extend to interference with housing rights through discriminatory or retaliatory conduct).

- Adverse action: The City, despite acknowledging violations, refused to act, enabling landlord retaliation and accelerating eviction.

- Causation: Plaintiffs' complaints were met with municipal inaction favoring the landlord — a plausible retaliatory sequence.

The FHA is broadly construed. *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009). Plaintiffs need not prove motive at the pleading stage; factual allegations suffice to infer retaliation.

## III. Count III States an ADA Claim

The City argues the ADA "does not apply to private residences". Plaintiffs' claim is against the City — a public entity — under Title II, 42 U.S.C. § 12132, which

applies to "services, programs, or activities" of municipalities. Code enforcement is such a program.

By refusing to enforce safety codes after documenting violations, Sycamore denied disabled Plaintiffs equal access to safe housing. This disparate treatment and refusal to act is actionable under *Wis. Cmty. Servs. v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006) (en banc).

## IV. Counts IV and V Properly Allege § 1983 and Monell Liability

Sycamore insists Plaintiffs fail to tie their injuries to a municipal "policy or custom". Plaintiffs allege exactly that:

- The City's repeated refusal to enforce its own code violations despite knowledge of serious health risks.

- A pattern of deliberate indifference that protected landlords at tenants' expense.

- Conduct amounting to a municipal custom of disregarding tenant safety (Compl. ¶¶ 54–56, 61).

Such allegations state a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Seventh Circuit recognizes deliberate inaction as a "custom" for

Monell purposes. *Palka v. Shelton*, 623 F.3d 447, 454 (7th Cir. 2010).

## V. Count VI States an IIED Claim

Sycamore dismisses Plaintiffs' emotional distress allegations as "routine municipal operations". But allowing a disabled mother and child to remain in unsafe housing — after official violations were confirmed — and then standing aside during eviction, is extreme and outrageous.

Plaintiffs allege severe distress: medical worsening, threats to custody of their child, loss of stable housing. At pleading stage, these facts are sufficient to allege IIED. *Bianchi v. McQueen*, 58 N.E.3d 680, 699 (Ill. App. Ct. 2016).

## VI. Punitive Damages Against City

Plaintiffs acknowledge punitive damages are unavailable against municipalities under *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). However, this does not warrant dismissal of substantive claims. The Court may strike only the punitive damages demand as to the City, not the claims themselves.

## CONCLUSION

For these reasons, Defendant City of Sycamore's Motion to Dismiss should be **denied in full**. Plaintiffs have pled concrete facts establishing standing and plausible claims under the FHA, ADA, § 1983, Monell, and Illinois tort law. At minimum, factual development is required, not dismissal at the pleadings stage.

Respectfully submitted,
/s/ Robert Sam
Pro Se Plaintiff

9/20/25


## CERTIFICATE OF SERVICE

I certify that on 9/20/25, I served the foregoing **Response in Opposition to Defendant City of Sycamore's Motion to Dismiss** by filing it with the Court's CM/ECF system, which will send notice to counsel of record.

/s/ Robert Sam