



**FILED**
9/18/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# WESTERN DIVISION

**KAREN SAM and ROBERT SAM,**
Plaintiffs,

v.

**DEKALB HOUSING AUTHORITY, et al.,**
Defendants.

Case No. 3:25-cv-50219
Hon. Iain D. Johnston

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT DEKALB HOUSING AUTHORITY'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant Housing Authority of the County of DeKalb ("HACD") seeks dismissal of Plaintiffs' detailed six-count Complaint by recasting well-pled factual allegations

as "conclusory" and by demanding evidentiary showings that are not required at the Rule 12(b)(6) stage. This Court must reject those attempts. At this stage, the Court must accept all factual allegations as true and draw all reasonable inferences in Plaintiffs' favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

Plaintiffs' Complaint easily surpasses this standard. It alleges with specificity that:

- Plaintiffs Karen Sam (who is disabled) and her minor daughter (also disabled) participated in the Housing Choice Voucher program administered by HACD.

- After successfully overturning a wrongful eviction in state court, Plaintiffs exercised their rights by repeatedly requesting portability of their voucher to another jurisdiction as permitted by HUD regulations.

- HACD, despite clear knowledge of Plaintiffs' disabilities and repeated pleas, deliberately stalled and obstructed the portability process.

- HACD's obstruction directly enabled Plaintiffs' landlord and its attorney to file a second eviction action, which culminated in the loss of Plaintiffs' home and voucher, causing severe financial, medical, and emotional harm.

These allegations are more than sufficient to state claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq.; Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and 42 U.S.C. § 1983 for constitutional due process violations. Courts in this Circuit have long held that housing voucher benefits constitute protected property interests and that deliberate delays or refusals to honor portability and accommodation obligations may give rise to actionable statutory and constitutional claims. See, e.g., *Goldberg v. Kelly*, 397 U.S. 254, 262 (1970) (public benefits cannot be terminated without due process); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) (state cannot deny a protected interest due to agency delay); *Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006) (reasonable accommodation claims under RA and ADA require fact-based inquiry inappropriate for dismissal).

Defendant's motion repeatedly conflates what must be *alleged* at the pleading stage with what must ultimately be *proven* after discovery. That is precisely the type of premature merits determination the Supreme Court and Seventh Circuit forbid. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("The prima facie case…is an evidentiary standard, not a pleading requirement."); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.

2008) (employment discrimination complaints survive dismissal if they allege membership in a protected class, adverse action, and a connection between the two).

Because Plaintiffs have plausibly alleged statutory and constitutional violations, HACD's motion must be denied in its entirety.

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires more than a "sheer possibility" of unlawful conduct but does not require probability. *Iqbal*, 556 U.S. at 678. A claim is plausible when the factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

At this stage, the Court must "accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024); *McReynolds v. Merrill Lynch & Co.*,

694 F.3d 873, 885 (7th Cir. 2012). The Court may not weigh evidence, resolve factual disputes, or demand that plaintiffs prove their case in the complaint. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) ("[A] plaintiff's complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

Importantly, Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," not detailed evidentiary matter. Fed. R. Civ. P. 8(a)(2). The Supreme Court has made clear that the prima facie burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), is an evidentiary standard, not a pleading requirement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002). Thus, at the motion to dismiss stage, plaintiffs need not establish a prima facie case of discrimination or retaliation; it is enough to plausibly allege membership in a protected class, adverse action, and a connection between the two. *Huri v. Office of the Chief Judge of the Circuit Court of Cook County*, 804 F.3d 826, 833 (7th Cir. 2015).

Dismissal is only appropriate "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), abrogated on other grounds by *Twombly*, 550 U.S. at 562–63. Consistent with

this principle, the Seventh Circuit has repeatedly emphasized that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556; *Allegis Grp. v. Brantley*, 64 F.4th 588, 592 (7th Cir. 2023).

**ARGUMENT**

# I. Plaintiffs Have Plausibly Stated Claims Under the Fair Housing Act, the Rehabilitation Act, and the Americans with Disabilities Act (Counts I–III)

Defendant HACD seeks dismissal of Counts I–III by insisting that Plaintiffs failed to allege statistical disparities (for disparate impact), failed to tie HACD's misconduct to disability (for direct discrimination), failed to allege protected activity (for retaliation), and failed to plead a request for reasonable accommodation. Each of these arguments ignores the detailed factual allegations in the Complaint and misapplies the pleading standard. When accepted as true and construed in Plaintiffs' favor— as Rule 12(b)(6) requires—Counts I–III state plausible claims under the FHA, RA, and ADA.

## A. Plaintiffs Plausibly Allege Direct Disability Discrimination

The FHA, RA, and ADA all prohibit discrimination "because of" disability. 42 U.S.C. § 3604(f)(2); 29 U.S.C.

§ 794; 42 U.S.C. § 12132. To state such a claim, a plaintiff need only allege (1) that they are disabled, (2) that they were qualified for the housing program, and (3) that they were denied benefits or treated adversely "by reason of" disability. *Washington v. Ind. High Sch. Athletic Ass'n*, 181 F.3d 840, 846–47 (7th Cir. 1999).

Plaintiffs alleged that Karen Sam and her minor daughter are disabled; that HACD was fully aware of their conditions due to repeated medical documentation and pleas for housing stability; and that HACD nevertheless stalled portability to obstruct Plaintiffs' access to stable housing. Those allegations satisfy the pleading threshold. Indeed, in *Huri v. Office of the Chief Judge*, 804 F.3d 826, 834 (7th Cir. 2015), the Seventh Circuit reversed dismissal of a discrimination claim based only on basic allegations of membership in a protected class and unfair treatment. Plaintiffs' detailed allegations here far exceed the minimal requirements.

HACD relies on *Wilson v. Warren Cty.*, 830 F.3d 464 (7th Cir. 2016), but that case involved a plaintiff who never alleged the defendant acted because of disability. Here, by contrast, Plaintiffs alleged HACD was aware of their disabilities and yet obstructed portability precisely when Plaintiffs needed it most. Whether HACD was motivated by disability bias, retaliation, or deliberate indifference is a fact question for discovery, not a pleading deficiency. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.

2008) ("It is sufficient at this stage to allege that the employer made decisions on the basis of" a protected trait).

## B. Plaintiffs Plausibly Allege Retaliation Under the FHA

Section 3617 of the FHA makes it unlawful to "coerce, intimidate, threaten, or interfere with any person" in exercising their rights under the FHA. 42 U.S.C. § 3617. To plead retaliation, plaintiffs must allege (1) protected activity, (2) adverse action, and (3) causal connection. *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 868 (7th Cir. 2018).

Plaintiffs alleged that they successfully defended a wrongful eviction in state court, asserted rights to portability, and repeatedly demanded enforcement of housing protections. Each constitutes "protected activity." See *Bloch v. Frischholz*, 587 F.3d 771, 781 (7th Cir. 2009) (en banc) (protected activity includes complaints and legal action to secure housing rights). Plaintiffs also alleged adverse action—HACD deliberately stalled portability requests, directly enabling a second eviction and loss of voucher. Finally, Plaintiffs pled a causal nexus: HACD's obstruction followed immediately after Plaintiffs exercised their rights, and HACD acted in

alignment with the landlord and its attorney. That is more than sufficient under *Wetzel*.

HACD's reliance on *Fincher v. South Bend Hous. Auth.*, 612 F. Supp. 2d 1009 (N.D. Ind. 2009), aff'd in part, 606 F.3d 331 (7th Cir. 2010), is misplaced. In *Fincher*, the plaintiff never connected the retaliation to FHA-protected rights. Here, Plaintiffs explicitly tied HACD's obstruction to their use of voucher rights and protected requests for portability.

## C. Plaintiffs Plausibly Allege Failure to Accommodate

To plead a failure-to-accommodate claim, Plaintiffs must allege: (1) they are disabled; (2) the defendant knew of the disability; (3) they requested accommodation; and (4) the defendant refused. *Oconomowoc Residential Programs, Inc. v. City of Milwaukee*, 300 F.3d 775, 783 (7th Cir. 2002). Importantly, no "magic words" are required—a request for change in policy or practice linked to disability is enough. *Jankowski Lee & Assocs. v. Cisneros*, 91 F.3d 891, 895 (7th Cir. 1996).

Plaintiffs alleged all four elements: they disclosed disability; HACD knew of it; they repeatedly requested portability (a change in policy/service to stabilize housing given medical and disability needs); and HACD refused. Whether HACD subjectively understood portability requests as "accommodation requests" is a factual issue

for discovery, not dismissal. *Wisconsin Cmty. Servs., 465 F.3d at 754* ("the reasonableness of an accommodation is a highly fact-specific inquiry").

## D. Plaintiffs Plausibly Allege Disparate Impact

Although Plaintiffs' primary theories are direct discrimination, retaliation, and accommodation, the Complaint also alleges disparate impact. The FHA recognizes disparate impact claims where a facially neutral policy disproportionately harms protected classes. *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 539 (2015). Plaintiffs alleged that HACD's portability obstruction policies had the practical effect of disproportionately harming disabled voucher holders, like Karen and Harper Sam, who rely on prompt transfer to maintain stable housing. At the pleading stage, Plaintiffs need not present statistical proof; they must allege a plausible causal link, which they have. See *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (plaintiff need only "give enough details about the subject-matter of the case to present a story that holds together").

## Summary of Counts I–III

- **Direct Discrimination**: Alleged disability, knowledge, adverse treatment = sufficient.

- **Retaliation**: Alleged protected activity, adverse action, causal link = sufficient.

- **Failure to Accommodate**: Alleged disability, knowledge, repeated requests for portability, refusal = sufficient.

- **Disparate Impact**: Alleged facially neutral delay policy disproportionately burdened disabled family = sufficient.

Dismissal of Counts I–III is therefore improper.

## II. Plaintiffs State Valid Claims Under 42 U.S.C. § 1983 for Due Process Violations (Counts IV–V)

Defendant HACD argues that Plaintiffs' § 1983 claims fail because (1) Plaintiffs did not identify a municipal policy or custom as required by *Monell*; (2) FHA, RA, and ADA remedies foreclose § 1983 relief; and (3) HACD's conduct was allegedly a "random and unauthorized act" subject only to state remedies. Each argument fails.

### A. Plaintiffs Have a Protected Property Interest in Housing Voucher Benefits

The Fourteenth Amendment prohibits the deprivation of property without due process of law. Public housing assistance is a protected property interest. *Goldberg v. Kelly*, 397 U.S. 254, 262 (1970) (welfare benefits are property interests); *Holbrook v. Pitt*, 643 F.2d 1261, 1278 (7th Cir. 1981) (holding that public housing tenants and applicants have cognizable due process rights); *Davis v. Mansfield Metro. Hous. Auth.*, 751 F.2d 180, 185 (6th Cir. 1984) (Section 8 voucher benefits are protected property).

Plaintiffs alleged HACD deprived them of voucher benefits—through deliberate delay, obstruction, and ultimate termination—without meaningful process. These allegations establish a cognizable due process claim.

## B. Plaintiffs Plausibly Plead a Monell Claim

A municipal entity may be liable under § 1983 when constitutional violations are caused by an official policy, widespread custom, or actions of a final policymaker. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiffs are not limited to identifying a written policy at the pleading stage; allegations of a "persistent, widespread practice" are sufficient. *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

Here, Plaintiffs alleged HACD had customs and practices of (1) delaying portability requests in violation of HUD regulations, (2) acting in concert with landlords and

attorneys to obstruct tenant rights, and (3) terminating benefits without adequate hearing or process. Those allegations, accepted as true, support an inference of unconstitutional custom and deliberate indifference. Unlike *Petropoulos v. City of Chicago*, 448 F. Supp. 3d 835 (N.D. Ill. 2020), where plaintiffs alleged only a single incident, Plaintiffs here alleged a series of obstructive acts across multiple eviction proceedings, including coordination with private actors. That pattern suffices under *Thomas*.

## C. FHA, RA, and ADA Remedies Do Not Foreclose § 1983 Claims

While § 1983 cannot be used to enforce statutes with exclusive remedial schemes (*Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981)), it remains available to redress independent constitutional violations. *Blessing v. Freestone*, 520 U.S. 329, 348 (1997). Courts in this Circuit recognize that due process claims may proceed alongside FHA/ADA/RA claims where the alleged harm is deprivation of property rights, not merely statutory violations. See *Johnson v. City of Evanston*, No. 19-CV-0057, 2020 WL 1166180, at *9 (N.D. Ill. Mar. 11, 2020) (permitting FHA and § 1983 claims to proceed simultaneously).

Because Plaintiffs allege that HACD deprived them of voucher benefits without hearings, notice, or fair process, they state independent constitutional claims properly brought under § 1983.

## D. HACD's Conduct Was Not a "Random and Unauthorized" Act

HACD argues that Plaintiffs' claims are barred because the alleged deprivation was a "random and unauthorized act" remediable under state law. That argument mischaracterizes the Complaint. Plaintiffs alleged not an isolated employee mistake but a deliberate, repeated course of obstruction and delay carried out by HACD officials with policymaking authority. When systemic delay and denial of benefits is alleged, the "random and unauthorized" exception does not apply. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982) (systematic deprivation by agency cannot be excused as unauthorized); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), limited by *Zinermon v. Burch*, 494 U.S. 113, 136–39 (1990) (state remedies insufficient where deprivation is foreseeable and due to established procedures).

Here, HACD's refusal to process portability requests and failure to provide hearings were foreseeable, deliberate, and systematic—exactly the kind of conduct the Due Process Clause forbids.

## E. Plaintiffs Plausibly Allege Both Procedural and Substantive Due Process Claims

- **Procedural due process**: Plaintiffs allege deprivation of voucher benefits without adequate notice or hearing, in violation of *Goldberg*, 397 U.S. at 267–68.

- **Substantive due process**: Plaintiffs allege deliberate obstruction and coordinated action with private landlords to terminate housing, which "shocks the conscience" and constitutes arbitrary government action. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

Both theories are independently sufficient to sustain Counts IV–V.

## Summary of Counts IV–V

Plaintiffs alleged a protected property interest (voucher benefits), systemic obstruction by HACD amounting to policy/custom, and deprivation without adequate process. These allegations state valid § 1983 claims. HACD's attempt to dismiss Counts IV–V must therefore be denied.

# III. Plaintiffs' Intentional Infliction of Emotional Distress Claim Is Properly Pled (Count VI)

Defendant HACD seeks dismissal of Plaintiffs' IIED claim by invoking the Illinois Tort Immunity Act and by arguing Plaintiffs failed to allege "outrageous" conduct. Both arguments fail.

## A. The Tort Immunity Act Does Not Bar Claims Based on Intentional and Outrageous Misconduct

The Tort Immunity Act, 745 ILCS 10/1-101 et seq., provides immunities for discretionary acts, inspections, and certain welfare decisions. But Illinois courts have consistently held that such immunities do not extend to intentional, willful, or wanton misconduct. *Coleman v. East Joliet Fire Prot. Dist.*, 46 N.E.3d 741, 758 (Ill. 2016) (Tort Immunity Act does not shield willful and wanton misconduct unless expressly provided); *Doe v. Calumet City*, 641 N.E.2d 498, 505 (Ill. 1994) (government entity may be liable where its conduct is intentional or egregious).

Plaintiffs alleged far more than negligence. They alleged HACD deliberately delayed portability despite repeated notice of Plaintiffs' disabilities, acted in concert with a landlord to force eviction, and knowingly caused the loss of stable housing to a disabled family. These are not discretionary "inspection" errors but intentional

obstruction causing foreseeable and severe harm. Accordingly, the Tort Immunity Act does not bar Count VI.

## B. Plaintiffs Plausibly Allege "Extreme and Outrageous" Conduct

To state an IIED claim under Illinois law, a plaintiff must allege: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of the probability of causing, emotional distress; and (3) severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

Illinois courts define "outrageous" as conduct "so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Public Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976). Whether conduct meets this threshold is usually a question of fact. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 83 (Ill. 2003).

Plaintiffs' allegations easily surpass that threshold. HACD knowingly obstructed voucher portability for a disabled family, despite repeated requests and medical documentation. HACD's obstruction directly enabled eviction, homelessness, and loss of medical stability. HACD acted with reckless disregard of the severe distress this would cause Plaintiffs—particularly where one Plaintiff is gravely ill and the minor child is disabled.

Such deliberate obstruction of federally protected housing rights "shocks the conscience" and is precisely the type of intolerable conduct actionable under Illinois law.

## C. Plaintiffs Have Adequately Alleged Severe Emotional Distress

Plaintiffs pled severe emotional harm, including anxiety, loss of security, and deterioration of medical conditions, resulting from HACD's obstruction and enabling of eviction. Courts consistently hold that allegations of sustained distress from wrongful eviction and loss of housing suffice to establish "severe emotional distress" at the pleading stage. See *Farnor v. Irmco Props. & Mgmt. Corp.*, 324 Ill. App. 3d 409, 419 (1st Dist. 2001) (loss of home and retaliatory eviction supported IIED claim).

## Summary of Count VI

- Tort Immunity Act does not shield intentional or outrageous misconduct.

- Plaintiffs alleged conduct well beyond "mere negligence"—deliberate obstruction of rights, in concert with private landlords, to evict a disabled family.

- Plaintiffs alleged severe and lasting emotional harm.

Accordingly, Count VI is properly pled and dismissal must be denied.

## IV. Plaintiffs' Prayers for Punitive Damages and Attorneys' Fees Should Not Be Stricken

Defendant HACD argues that Plaintiffs' requests for punitive damages and attorneys' fees must be stricken. This argument is premature and overbroad.

### A. Punitive Damages Are Available Against Individual Defendants and Non-Municipal Entities

It is true that municipalities are immune from punitive damages under § 1983. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). But this immunity does not extend to individuals sued in their personal capacity. *Smith v. Wade*, 461 U.S. 30, 35 (1983) (punitive damages available against individual officials for reckless or callous disregard of rights). Plaintiffs' Complaint includes allegations against Alexis Moreland and other HACD officials whose intentional conduct, if proven, could justify punitive damages.

Moreover, punitive damages are not foreclosed under state-law IIED claims against individuals. Illinois courts permit punitive damages where intentional misconduct is

egregious. *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359 (Ill. 1978). At this stage, Plaintiffs are entitled to preserve punitive damages claims. Whether they are ultimately recoverable is a question for summary judgment or trial, not a pleading motion.

## B. Attorneys' Fees May Be Recovered Under Statutory Fee-Shifting Provisions

While pro se litigants cannot recover attorney's fees under 42 U.S.C. § 1988 (*Kay v. Ehrler*, 499 U.S. 432, 438 (1991)), Plaintiffs have brought claims under statutes that contain fee-shifting provisions, including the FHA (42 U.S.C. § 3613(c)(2)), ADA (42 U.S.C. § 12205), and RA (29 U.S.C. § 794a(b)). Should Plaintiffs later obtain counsel, those statutory provisions entitle prevailing parties to fees. Striking fee requests at this stage would improperly foreclose remedies Congress expressly provided. Courts routinely deny motions to strike fee claims as premature. See *White v. Marshall*, No. 14 C 9689, 2015 WL 1959174, at *2 (N.D. Ill. Apr. 29, 2015).

## C. Motions to Strike Remedies Are Disfavored at the Pleading Stage

Rule 12(f) permits striking immaterial matter, but motions to strike are generally disfavored. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.

1989). Courts routinely refuse to strike punitive damages or fee requests at the pleading stage where underlying claims remain viable. See *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Because Plaintiffs' substantive claims are well-pled, their remedial requests should stand.

## Summary of Remedies

- Punitive damages may be available against individuals.

- Statutory fee-shifting applies if counsel enters later.

- Striking remedies at the pleading stage is improper and disfavored.

Accordingly, the Court should deny HACD's request to strike Plaintiffs' punitive damages and attorneys' fees claims.

**CONCLUSION**

Defendant HACD's motion asks this Court to disregard well-pleaded facts, apply evidentiary burdens that do not exist at the pleading stage, and strip disabled tenants of statutory and constitutional protections Congress and the Constitution guarantee. Plaintiffs' Complaint alleges detailed facts showing that HACD:

- intentionally obstructed portability requests despite knowledge of disability,

- retaliated after Plaintiffs exercised their housing rights,

- failed to provide reasonable accommodations,

- deprived Plaintiffs of protected property interests without due process, and

- engaged in conduct so outrageous as to cause severe emotional distress.

Taken as true, these allegations easily state claims under the Fair Housing Act, Rehabilitation Act, ADA, 42 U.S.C. § 1983, and Illinois tort law. Courts have consistently emphasized that at the Rule 12(b)(6) stage, complaints must be evaluated with all inferences drawn in Plaintiffs' favor, not subjected to heightened evidentiary demands. *Iqbal*, 556 U.S. at 678; *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

For these reasons, the Court should **deny HACD's Motion to Dismiss in its entirety.** In the alternative, should the Court identify any deficiency, Plaintiffs respectfully request leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2). See *Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (leave to amend should be "freely given" absent futility).

**Respectfully submitted,**

/s/ Robert Sam
/s/ Karen Sam
Plaintiffs, pro se

9/18/25