

**FILED**
9/24/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CVK

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS – WESTERN DIVISION

**Karen Sam and Robert Sam,** Plaintiffs,

v.

**DeKalb Housing Authority; Illinois Housing Development Authority; Town of Sycamore; and U.S. Department of Housing and Urban Development (HUD),** Defendants.
Case No. 25-cv-50219 (Judge Johnston)

# PLAINTIFFS' OPPOSITION TO HUD'S MOTION TO DISMISS

## Introduction

Plaintiffs are long-time participants in the Housing Choice Voucher program who sought to "port" to a safer jurisdiction. They allege months-long delays by the local PHA and that—despite more than fifty pleas for help—**HUD refused to act**, causing loss of voucher benefits and ultimately eviction. HUD now seeks wholesale dismissal. The Court should **deny** the motion in substantial part.

- HUD correctly notes sovereign immunity bars **money damages** against a federal agency on these facts; Plaintiffs pursue **prospective declaratory/ injunctive relief**—relief that **is** available under **§ 504 of the Rehabilitation Act**and the **Administrative Procedure Act (APA)**. 5 U.S.C. § 702 waives immunity for non-monetary relief, a point repeatedly affirmed by the Supreme Court and Seventh Circuit. [Justia Law+1](#)

- On the merits, Plaintiffs adequately plead **§ 504** violations (failure to reasonably accommodate and denial of meaningful access in a program conducted by an Executive agency) and a reviewable **APA** claim based on HUD's statutory duty to **affirmatively further fair housing (AFFH)** under **42 U.S.C. § 3608**. Courts have long allowed suits compelling HUD to meet this duty. [Law Resource+4Legal Information Institute+4Justia Law+4](#)

To streamline, Plaintiffs **(1)** do not pursue **money damages** against HUD; **(2)** agree any FTCA-based tort claims against HUD be dismissed **without prejudice** for lack of administrative exhaustion; and **(3)** withdraw the ADA Title II, due-process, and IIED counts **as to HUD only** (preserving them against non-federal defendants). The core claims that remain against HUD—**§ 504 (injunctive) and APA/AFFH**—should proceed.

# Legal Standard

On Rule 12(b)(6), the Court accepts well-pleaded facts as true and draws reasonable inferences for Plaintiffs; dismissal without leave to amend is disfavored, particularly at the first pleading stage. See *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 519–20 (7th Cir. 2015) (leave to amend should be "freely given"). [Westlaw](#)

# Argument

## I. Sovereign immunity does not bar Plaintiffs' non-monetary claims against HUD.

Section 702 of the APA waives sovereign immunity for actions "seeking relief other than money damages." The Supreme Court and Seventh Circuit recognize this waiver applies broadly, including outside pure APA causes of action. *Patchak*; *Michigan v. U.S. Army Corps of Engineers*. [Justia Law+1](#)

HUD is right that compensatory damages are unavailable under § 504 against the federal government, see *Lane v. Peña*, but **equitable relief remains available**. Plaintiffs seek orders compelling HUD to comply with § 504 and its AFFH obligations—classic non-monetary relief within § 702's waiver. [Justia Law](#)

**Requested disposition:** Deny immunity-based dismissal of **injunctive/declaratory** claims; dismiss only money-damages remedies against HUD.

## II. Any FTCA claim should be dismissed without prejudice for non-exhaustion; that does not affect § 504 or APA claims.

Filing and denial (or six-month inaction) of an administrative FTCA claim is mandatory. *McNeil v. United States*; *Kanar v. United States*. HUD's declarant says no FTCA claim was filed; Plaintiffs therefore do not press FTCA claims against HUD at this time. The correct disposition is dismissal **without prejudice**—and it does not touch Plaintiffs' statutory (§ 504) and APA claims. [Wikipedia+1](#)

## III. Plaintiffs state a claim for injunctive relief under § 504 of the Rehabilitation Act against HUD.

1. **Coverage and elements.** Section 504 bars disability discrimination "under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). A plaintiff states a claim by alleging disability, qualification, and denial of benefits or meaningful access— including failure to reasonably accommodate—**by reason of disability**. The Seventh Circuit has applied these standards repeatedly. See,

e.g., *Trebatoski* (elements and accommodation doctrine). Legal Information Institute+1

2. **Reasonable accommodation / meaningful access.** The Supreme Court recognizes § 504's "meaningful access" requirement and obligation to make reasonable modifications. *Alexander v. Choate*; *Southeastern Cmty. Coll. v. Davis*. Plaintiffs allege they and their disabled child requested HUD's reasonable accommodation—timely oversight or intervention to keep portability moving so they wouldn't lose their voucher or be made homeless— and HUD refused. That refusal plausibly denies meaningful access to HUD's own programmatic functions (oversight, complaint handling, and civil-rights enforcement within HUD's HCV program). Justia Law+1

3. **Federal-agency defendant.** Courts routinely award **injunctive** relief against federal agencies under § 504 when an agency's own programmatic conduct denies access to people with disabilities—e.g., ordering the Treasury to redesign currency for accessibility. *American Council of the Blind v. Paulson*, 525 F.3d 1256 (D.C. Cir. 2008). That illustrates precisely why § 504 reaches Executive agencies like HUD. Justia Law

4. **Relief.** Because *Lane v. Peña* bars damages against HUD under § 504, Plaintiffs seek **injunctive and declaratory**relief requiring HUD to make reasonable modifications and to administer HCV oversight in a manner that affords meaningful, timely access to portability for disabled voucher holders. Justia Law

**Result:** The § 504 claim for **equitable relief** is well-pled and should proceed.

**Note on ADA Title II.** Title II covers only "public entities," defined as state and local governments—not the federal government. 42 U.S.C. § 12131(1); *Cellular Phone Task Force v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000). Plaintiffs therefore withdraw the ADA Title II claim against HUD (while keeping ADA theories against non-federal defendants). Justia Law+1

## IV. Plaintiffs also state a claim under the APA to compel action unlawfully withheld and to set aside agency action contrary to law.

1. **Waiver and cause of action.** Section 702 waives immunity; § 704 authorizes review of **final agency action** and allows suits to **compel agency action unlawfully withheld or unreasonably delayed**. *Patchak*; *Bennett v. Spear*; *Norton v. SUWA* (APA § 706(1) authorizes courts to compel **discrete** agency

action that is **legally required**). Justia Law+2Legal Information Institute+2

2. **Legally required duty – AFFH.** Congress imposed on HUD a statutory, nondiscretionary duty to **administer its programs "in a manner affirmatively to further" fair housing**. 42 U.S.C. § 3608(e)(5). Federal courts have long enforced this obligation through APA review—requiring HUD to use its tools where inaction would perpetuate discrimination or segregation. See *Shannon v. HUD* (HUD must use institutionalized methods to consider civil-rights impacts); *NAACP v. Sec'y of HUD* (standing and reviewability to challenge HUD's compliance with § 3608); *Walker v. HUD* (orders requiring HUD to remedy desegregation failures). Those cases confirm **there is "law to apply"** beyond unreviewable enforcement discretion. Law Resource+2Justia Law+2

3. **Portability framework underscores the duty.** Congress and HUD's regulations create a portability right and a detailed process for PHAs (42 U.S.C. § 1437f(r); 24 C.F.R. §§ 982.353, 982.355). HUD oversees the program and has tools to ensure compliance. Ignoring repeated, disability-based pleas while a PHA stalls portability is contrary to § 3608's AFFH mandate and denies meaningful access under § 504. U.S. Commission on Civil Rights+2GovInfo+2

4. **Finality / unreasonable delay.** Plaintiffs pleaded multiple, specific requests to HUD that went unanswered (or were refused). A **refusal** constitutes final agency action under *Bennett*; persistent non-response supports a § 706(1) claim for **action unlawfully withheld or unreasonably delayed**, assessed under the D.C. Circuit's **TRAC** factors (widely used nationwide). [Legal Information Institute+1](#)

5. **Distinguishing *Heckler v. Chaney*.** *Chaney* shields pure enforcement choices when a statute commits the decision to agency discretion. Not so here: **§ 3608(e)(5) imposes an affirmative duty** and courts have reviewed HUD's noncompliance for decades. *Shannon*; *NAACP*; *Walker*. [Law Resource+2Justia Law+2](#)

**Result:** The APA claim to compel HUD to take discrete, legally required steps consistent with AFFH—and to set aside its refusal to act—should proceed.

## V. HUD's FHA merits arguments miss the point; the FHA supports APA review of HUD's AFFH duty even if damages are unavailable.

HUD cites cases holding there's no private right of action for **damages** against HUD for failing to investigate an FHA complaint. True—but Plaintiffs are not seeking FHA

damages from HUD. They invoke **§ 3608(e)(5)** (AFFH) as the substantive standard for an **APA** claim seeking **equitable** relief, a path expressly recognized in *Shannon*, *NAACP*, and *Walker*. Law Resource+2Justia Law+2

## VI. Narrowing non-viable theories against HUD strengthens the case.

- **ADA Title II (as to HUD only):** Withdrawn (Title II excludes the federal government). Justia Law

- **Due Process & IIED (as to HUD only):** Withdrawn; those theories, if any, run against the local actors who executed the eviction or delayed portability.

- **FTCA:** Dismiss **without prejudice** for non-exhaustion. Wikipedia

## VII. Alternatively, grant leave to amend.

If the Court sees any pleading gap—e.g., to add detail on Plaintiffs' **requests for accommodation** to HUD, or the **dates and content** of HUD's non-responses—Rule 15 requires liberal leave. *Runnion*, 786 F.3d at 519–20. Westlaw

# Conclusion

Plaintiffs respectfully ask the Court to:

1. **DENY** HUD's motion as to Plaintiffs' **§ 504 (Rehabilitation Act) injunctive/declaratory claim** and **APA claim** grounded in **42 U.S.C. § 3608(e)(5)** (AFFH).

2. **DISMISS** only (a) **money-damages remedies** against HUD; (b) any FTCA claim **without prejudice**; and (c) the ADA Title II, due-process, and IIED counts **as to HUD**.

3. **GRANT LEAVE TO AMEND** to the extent the Court finds any additional factual detail helpful.

Respectfully submitted,
/s/ Karen Sam & Robert Sam (pro se)

9/24/25