UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

KAREN SAM and ROBERT SAM,     )
     )
     Plaintiffs,     )
     )
     v.     )     No. 25 C 50219
     )
DEKALB HOUSING AUTHORITY;     )     Judge Johnston
ILLINOIS HOUSING DEVELOPMENT     )
AUTHORITY; TOWN OF SYCAMORE;     )
and UNITED STATES DEPARTMENT OF     )
HOUSING AND URBAN     )
DEVELOPMENT,     )
     )
     Defendants.     )

## **REPLY IN SUPPORT OF HUD'S MOTION TO DISMISS**

In their opposition to HUD's motion to dismiss, the Sams narrow their claims against HUD to seeking only "orders compelling HUD to comply with" § 504 of the Rehabilitation Act and HUD's duty to "further fair housing" under § 3608(e)(5) of the Fair Housing Act (FHA) and the APA. Dkt. 48 at 3. The court should dismiss those claims because the Sams do not have standing under Article III of the Constitution to pursue them, the Sams fail to state a claim under § 504 of the Rehabilitation Act based on HUD's alleged failure to intervene, and they fail to state a claim that HUD failed to comply with § 3608(e)(5) of the FHA by not enforcing the FHA when that statute expressly commits enforcement actions to HUD's discretion.

**I.**     **The Sams Do Not Have Standing to Sue HUD under Article III of the Constitution.**

The court lacks subject matter jurisdiction over the Sams's claims for injunctive relief against HUD. The Sams request "orders compelling HUD to comply with" § 504 of the Rehabilitation Act and HUD's duty to "further fair housing" under 42 U.S.C. § 3608(e)(5). Dkt. 48 at 3. To pursue those claims, the Sams must satisfy the "irreducible constitutional minimum of

standing" by alleging that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, the Sams allege that they were wrongfully evicted by their landlord after the DeKalb Housing Authority (DHA) delayed their portability request and HUD refused to intervene, resulting in various injuries, including homelessness, the loss of their housing voucher, medical decline, loss of income, and emotional trauma. Complaint ¶¶ 32 and 35 (Dkt. 1). As an initial matter, the Sams's alleged injuries are not "fairly traceable" to HUD's alleged failure to intervene: the DHA, not HUD, allegedly delayed the Sams's portability request, and the landlord, not HUD, evicted the Sams. In any event, the injunctive relief the Sams seek against HUD would not likely redress their alleged injuries. The Sams do not explain what actions they would have the court compel HUD to take. And even if the court entered an order requiring HUD to take some kind of action, it is not clear how any action by HUD would redress the Sams's alleged injuries. Therefore, HUD should be dismissed for lack of subject matter jurisdiction.

## II.    The Sams Fail to State a Claim against HUD under § 504 of the Rehabilitation Act.

The Sams unsuccessfully attempt to premise their claim against HUD under § 504 of the Rehabilitation Act on the theory that HUD denied them a reasonable accommodation by refusing "timely oversight or intervention to keep portability moving so they wouldn't lose their voucher or be made homeless." Dkt. 48 at 5. However, the complaint fails to allege facts that satisfy § 504's causation requirement. Specifically, § 504 provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or

activity conducted by any Executive agency." 29 U.S.C. § 794(a). Thus, under § 504's causation requirement, the plaintiff must "prove that, but for his disability, he would have been able to access the services or benefits desired." *A.H. by Holzmueller v. Ill. High School Ass'n*, 881 F.3d 587, 593 (7th Cir. 2018) (internal quotation marks omitted). Here, the Sams fail to allege that a disability had anything to do with HUD's failure to intervene on their behalf (much less that such failure was "*solely* by reason of" a disability). Accordingly, the complaint fails to state a claim against HUD under § 504.

### III.    The Sams Fail to State a Claim against HUD under the APA and § 3608(e)(5).

The Sams incorrectly argue that the complaint states a claim against HUD under the APA and 42 U.S.C. § 3608(e)(5), which requires HUD to "administer the programs and activities relating to housing and urban development in a manner affirmatively to further the policies of this subchapter." The "subchapter" referenced in § 3608(e)(5) is subchapter I of Chapter 45 of Title 42, *i.e.*, the Fair Housing Act (FHA), which addresses discriminatory housing practices. The FHA expressly sets forth HUD's enforcement responsibilities. Specifically, HUD "*shall*" take certain administrative actions when an aggrieved person files a complaint with HUD alleging a discriminatory housing practice. 42 U.S.C. § 3610(a)(1)(B). Alternatively, HUD "*may* also file such a complaint" and "*may* also investigate housing practices to determine whether a complaint should be brought." 42 U.S.C. § 3610(a)(1)(A)(i) and (iii) (emphasis added). Here, the Sams do not allege that they filed a complaint with HUD, so the mandatory requirements set forth in § 3610(a)(1)(B) were not triggered. And the statute expressly committed to HUD's discretion whether to investigate housing practices or file a complaint in the absence of a complaint filed by an aggrieved person. 42 U.S.C. § 3610(a)(1)(A)(i) and (iii). Therefore, the Sams fail to allege

3

that HUD's failure to intervene in response to their pleas was contrary to the policies of the Fair Housing Act and, for that reason, they fail to state a claim under the APA and § 3608(e)(5).

This conclusion is further supported by *Heckler v. Chaney*, 470 U.S. 821 (1985), in which the Supreme Court interpreted the APA's exception to judicial review when "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2), holding that an agency's decision not to take enforcement action is "presumptively unreviewable," which "presumption may be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers." 470 U.S. at 832-33. Under *Heckler*, HUD's alleged refusal to take enforcement action is presumptively unreviewable under the APA. *See Copeland v. United States*, 622 F. Supp. 2d 1347 (S.D. Fla. 2008) (dismissing suit against HUD based on its alleged failure to take enforcement action against a local housing authority because that decision was committed to the agency's discretion and, therefore, not reviewable under the APA).

Nor does § 3608(e)(5) rebut that presumption because, as discussed above, the Fair Housing Act expressly commits to HUD's discretion the decisions whether to investigate housing practices and/or to file a complaint. 42 U.S.C. § 3610(a)(1)(A)(i) and (iii). Indeed, the Third Circuit, applying *Heckler*, rejected the argument that § 3608(e)(5) permits courts to review a challenge to HUD's enforcement action (or inaction), noting that permitting such review would "conflict with the plain language of the statute" because "[a]ll HUD-initiated investigative and enforcement actions under the FHA are accompanied by clearly discretionary language." *Am. Disabled for Attendant Programs Today v. United States Dep't of Hous. & Urban Dev.*, 170 F.3d 381, 388-89 (3d Cir. 1999). Simply put, § 3608(e)(5)'s "'affirmatively to further' language cannot override the discretionary impact of the explicit language of the statute." *Id.* at 389.

The Sams misplace reliance on *Shannon v. United States Department of Housing and Urban Development*, 436 F.2d 809 (3d Cir. 1970), and *N.A.A.C.P. v. Secretary of Housing and Urban Development*, 817 F.2d 149 (1st Cir. 1987), for the proposition that the court may review HUD's alleged failure to enforce the FHA under § 3608(e)(5).[1] In *Shannon*, the Third Circuit held that a court could review a procedural challenge to HUD's approval of a site for an apartment project, *i.e.*, that HUD failed to consider the project's effect on racial concentration. 436 F.2d at 811. In *N.A.A.C.P.*, the First Circuit held that a court could review HUD's "pattern of activity" in administering grants "over time." 817 F.2d at 158. Thus, neither *Shannon* nor *N.A.A.C.P.* addressed a challenge to HUD's alleged failure to enforce the FHA—an area that Congress expressly committed to the agency's discretion.

In addition, the Sams cannot pursue judicial review of HUD's alleged failure to intervene under the APA because they may otherwise obtain an adequate remedy in court. 5 U.S.C. § 704. Specifically, subject to the applicable statutes of limitations, the Sams could file a civil action in court directly challenging the DHA's conduct—which in fact they have done in this very case— or they could file an administrative complaint with HUD. 42 U.S.C. §§ 3610 and 3613; *Am. Disabled*, 170 F.3d at 390 (dismissing APA claim because there was an adequate remedy where the plaintiffs could "pursue their claims of housing discrimination directly against federal-funding recipients, or they may bring administrative claims to HUD and trigger HUD's mandatory duty to investigate.").[2]

---

[1] The Sams do not provide a citation to a case law reporter for either decision, but HUD believes that it has identified the decisions the Sams rely on.

[2] HUD's failure to intervene is also not reviewable under the APA because it does not constitute a final agency action. *Am. Disabled*, 170 F.3d at 390 (HUD's alleged abdication of enforcement of the FHA did not constitute final agency action).

5

**Conclusion**

For the foregoing reasons and those stated in the memorandum in support of HUD's motion

to dismiss, the court should dismiss all claims against HUD.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ David H. DeCelles
DAVID H. DECELLES
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
david.decelles@usdoj.gov

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

REPLY IN SUPPORT OF HUD'S MOTION TO DISMISS

was filed and served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail and e-mail on December 1, 2025, to the following parties:

Karen Sam
639 Stonegate Drive
Sycamore, IL 60178
harpees5@yahoo.com

Robert Sam
639 Stonegate Drive
Sycamore, IL 60178
harpees5@yahoo.com

s/ David H. DeCelles
DAVID H. DᴇCELLES
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
david.decelles@usdoj.gov