UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN SAM and ROBERT SAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 25 C 50219 |
| | ) | |
| | ) | Judge Johnston |
| DEKALB HOUSING AUTHORITY; | ) | |
| TOWN OF SYCAMORE; and UNITED | ) | |
| STATES DEPARTMENT OF HOUSING | ) | |
| AND URBAN DEVELOPMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF HUD'S SECOND MOTION TO DISMISS**

In their amended complaint, plaintiffs Karen and Robert Sam seek a declaratory judgment that HUD violated § 504 of the Rehabilitation Act, 29 U.S.C. § 794, by failing to act to enforce a local housing authority's compliance with the law. As an initial matter, the Sams lack constitutional standing to sue HUD because their requested relief would not redress their alleged injuries. In addition, the amended complaint fails to address the deficiencies identified by the court when it dismissed the plaintiffs' initial complaint and, therefore, is likewise subject to dismissal for failure to state claim. Accordingly, the claim against HUD should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

**Background**

The amended complaint alleges that plaintiff Karen Sam "is a disabled individual participating in the Section 8 Housing Choice Voucher Program." Amended Complaint (AC) ¶ 2 (Dkt. 64). In early 2023, the Sams requested that the DeKalb Housing Authority (DHA) "process a voucher portability transfer so they could relocate to safer housing." AC ¶¶ 12-13. The DHA refused to process that portability request, asserting that the Sams were in bad standing with their

landlord, and "denied portability without following the procedures required by the HAP contract, federal regulations, or due process." *Id*. ¶¶ 15, 20. Meanwhile, the Sams allege, the Town of Sycamore inspected their home and found various code violations that posed risks to health and safety but failed to enforce those violations. *Id*. ¶¶ 21-26.

With respect to HUD, the amended complaint alleges that the Sams repeatedly notified HUD of "DHA's refusal to process portability," the "denial of any grievance hearing," the "ongoing unsafe housing conditions documented by Sycamore," and "the medical risks to a disabled household." *Id*. ¶ 26. The Sams allege that HUD "failed to act despite notice of ongoing violations affecting a disabled family." *Id*. ¶ 31.

According to the amended complaint, while "portability remained denied and unsafe conditions persisted," the Sams were "subjected to eviction proceedings," were "displaced from their home and lost housing stability," and suffered loss of housing assistance, temporary homelessness, "medical deterioration of Karen" and the Sams's daughter, emotional distress, and out-of-pocket expenses for storage, lodging, and relocation. *Id*. ¶ 32-34.

The only claim asserted against HUD is for a declaratory judgment that HUD violated § 504 of the Rehabilitation Act, 29 U.S.C. § 794, through its "failure to enforce compliance." *Id*. ¶ 60; *see also id.* at 15 (stating that the plaintiffs "seek declaratory relief only and not damages against HUD"). Specifically, the amended complaint alleges that HUD "failed to take action within a reasonable time to enforce compliance" and "subjected [the Sams] to discrimination by reason of disability through its failure to act." *Id*. ¶¶ 59-60.

2

**Discussion**

**I.     The Sams Do Not Have Standing to Sue HUD under Article III of the Constitution.**

The court lacks subject matter jurisdiction over the Sams's claim for declaratory relief against HUD.  The Sams request "declaratory relief against HUD that its failure to enforce compliance violated" § 504 of the Rehabilitation Act.  AC ¶ 60.  "A plaintiff has standing only if he can 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'"  *California v. Texas*, 593 U.S. 659, 668-69 (2021) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)).  Here, the Sams's injuries are not fairly traceable to HUD's conduct because it was the DHA, not HUD, that allegedly refused to process the Sams's portability request, and the landlord, not HUD, that evicted the Sams.  In any event, the declaratory relief the Sams seek against HUD would not redress their alleged injuries.  Therefore, HUD should be dismissed for lack of subject matter jurisdiction.

**II.    The Amended Complaint Fails to State a Claim against HUD under § 504 of the Rehabilitation Act.**

In addition, the amended complaint should be dismissed with respect to HUD because it fails to state a claim upon which relief can be granted.  In deciding a motion to dismiss under Rule 12(b)(6), the court must take as true all well-pleaded allegations and make all possible inferences from the allegations in the plaintiff's favor. *Reardon v. Danley*, 74 F.4th 825, 827 (7th Cir. 2023). To survive a motion to dismiss, the complaint must state a plausible claim by pleading "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under that standard, the Sams fail to state a claim that HUD discriminated on the basis of disability in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794.[1] As an initial matter, the amended complaint fails to allege facts that satisfy § 504's causation requirement. Specifically, § 504 provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). Thus, under § 504's causation requirement, the plaintiff must "prove that, but for his disability, he would have been able to access the services or benefits desired." *A.H. by Holzmueller v. Ill. High School Ass'n*, 881 F.3d 587, 593 (7th Cir. 2018) (internal quotation marks omitted). Here, the Sams fail to allege that a disability had anything to do with HUD's alleged failure to act (much less that such failure was "*solely* by reason of" a disability).

Apart from lack of causation, the amended complaint fails to allege facts that state a claim against HUD for disability discrimination under any of the three recognized methods of proof, *i.e.*, "(1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people." *A.H. by Holzmueller*, 881 F.3d at 593. First, the amended complaint fails to allege facts that give rise to a reasonable inference that HUD acted with discriminatory intent when it allegedly failed to act. Just as the court ruled with respect to the original complaint, the Sams "provide no

---

[1] The amended complaint does not assert a claim against HUD under § 202 of the Americans with Disability Act (ADA), 42 U.S.C. § 12132, but even if it did, any claim under Title II of the ADA would fail at the outset because "Title II of the ADA is not applicable to the federal government." *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000).

basis for an inference that the delay was *intended* to be discriminatory or motivated by a discriminatory intent." Memorandum Opinion and Order (Op.) at 5 (Dkt. 61). Second, the amended complaint fails to identify any accommodation that HUD should have provided.[2] Finally, the amended complaint fails to state a claim based on disparate impact because it does not allege that HUD had "a facially neutral policy that fell more harshly on a protected group." *Haney v. Pritzker*, 563 F. Supp. 3d 840, 865 (N.D. Ill. 2021) (citing *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003)); *see also* Op. at 5 ("Disparate impact claims require allegations that a defendant's practices have a 'disproportionately adverse effect' on the protected class . . . .").

### Conclusion

For the foregoing reasons, the court should dismiss the amended complaint's claim against HUD with prejudice.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ David H. DeCelles
      DAVID H. DECELLES
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 353-4220
      david.decelles@usdoj.gov

---

[2] To the extent the Sams's theory is that HUD's action on their behalf would have been a reasonable accommodation, that theory does not satisfy the causation requirement because, as noted, the amended complaint fails to allege that HUD would have acted but for a disability.