**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

KAREN SAM, et al.                                   )
                                                    )
        Plaintiff,                            )
                                                    )   Case No. 25-cv-50219
v.                                                  )
                                                    )   Judge Iain D. Johnston
CITY OF SYCAMORE, ILLINOIS, et al.,                 )
                                                    )   Magistrate Judge Margaret J. Schneider
        Defendants.                           )
                                                    )

**CITY OF SYCAMORE'S MOTION TO DISMISS PLAINTIFF'S AMENDED**
**COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COME Defendant, THE CITY OF SYCAMORE (the "City") by and through its attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, and, in support of its Motion to Dismiss Plaintiffs Robert and Karen Sam's ("Plaintiffs") Complaint states:

**INTRODUCTION**

The case arises against the City from Plaintiffs, Robert and Karen Sam, filing the Amedned Complaint (Doc. # 64) alleging violations of their rights under federal and state law. Plaintiffs allege that the City of Sycamore, among other defendants, conspired with private parties to deprive them of habitable living conditions and violated their due process rights under the Fourteenth Amendment in connection with various housing and code enforcement actions. The complaint further alleges liability under 42 U.S.C. § 1983 and *Monell* claims against the City.

However, the Amended Complaint is devoid of sufficient factual allegations to establish that the City violated any of Plaintiffs' constitutional rights or acted in concert with private parties to harm Plaintiffs. Further, Plaintiffs fail to allege any direct action, policy, or custom attributable to the City that would rise to the level of a constitutional violation. Consequently, the City brings

this Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FACTS ALLEGED

Plaintiffs, Robert and Karen Sam, leased a residence at 639 Stonegate Drive in Sycamore, Illinois (the "Property"), from landlord Melissa Mobile. *See* Amended Complaint, Doc. # 64, at ¶¶ 19, 22. Plaintiffs allege that the Property was not maintained in a habitable condition throughout their tenancy. *Id*. at 21. Plaintiffs allege that despite paying rent with the assistance of Section 8 vouchers, the landlord and its agents, BKA Holdings and Melissa Mobile, refused to make necessary repairs, which led to deteriorating living conditions. *Id*. at ¶¶ 24-25.

Plaintiffs allege that the City of Sycamore, along with the Housing Authority of DeKalb County, failed to enforce local building codes, endangering Plaintiffs' family's health and facilitating eviction. *Id*. at ¶ 26-34. They further claim that inspections conducted by the City of Sycamore found numerous code violations that posed health risks to Karen Sam and H.S., including: water heater failures, weather penetration, foundation defects, structural instability, roof defects, and interior safety hazards. *Id*. at ¶ 23. Plaintiffs further allege that these actions are part of a pattern, claiming that the City of Sycamore's failure to enforce building codes reflects a custom or practice of disregarding the safety and constitutional rights of tenants. *Id*. at ¶ 26.

The following counts are alleged against the City of Sycamore: Count IV alleges a violation of the Americans with Disabilities Act (ADA) and Count V alleges a 1983 due process violation under the Fourteenth Amendment; Defendant moves to dismiss the aforementioned counts pursuant to Rule 12(b)(6).

## STANDARD OF REVIEW

A motion to dismiss made under Rule 12(b)(6) challenges the sufficiency of a complaint. *Christensen v. City of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). To survive a Rule 12(b)(6)

motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a plaintiff has not pled facts which would permit the court to infer more than the mere possibility of misconduct, a plaintiff has alleged, but not demonstrated, that he is entitled to relief, and therefore, his complaint will fail. *Id.* For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This plausibility standard asks for more than a sheer possibility that a defendant acted unlawfully. *Id.*

## ARGUMENT

### I. Plaintiffs Lack Standing

Plaintiffs lack standing to pursue their claims against the City of Sycamore because they fail to demonstrate that their alleged injuries are directly attributable to any specific action by the City. To establish standing, a plaintiff must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be addressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

Here, Plaintiffs attempt to establish standing by alleging that their rights were violated because the City failed to enforce repairs and ensure compliance with housing standards, which allegedly exposed them to unsafe living conditions. See Doc. # 64 at ¶¶ 49-56. But the City had no duty to enforce such repairs or guarantee compliance. Illinois courts have long held that "there is no common law duty to members of the general public for a municipality's failure to enforce an ordinance." *Lakeside Condo. C Ass'n v. Frediani Developers, Inc.*, 135 Ill. App. 3d 972, 973 (1st Dist. 1985). As the Illinois Supreme Court has explained, building codes and inspections "are

designed to protect the public and are not meant to be an insurance policy by which the municipality guarantees that each building is built in compliance with the building codes and zoning codes." *Hoffert v. Owatonna Inn Towne Motel, Inc.*, 293 Minn. 220, 223 (1972), quoted in *Ferentchak v. Village of Frankfort*, 105 Ill. 2d 474, 485 (1985). Accordingly, Plaintiffs' alleged injuries are not fairly traceable to any act or omission of the City of Sycamore. Their claims rest on generalized grievances with municipal enforcement decisions, not on any concrete, particularized action by the City that deprived them of a legally protected right.

## II. Violation of the Americans with Disabilities Act (ADA) (Count IV)

Plaintiffs' claim under the ADA (Count IV) should be dismissed because the statute does not apply to private residences, and the City has no obligation to enforce accommodations on private property. Under 42 U.S.C. § 12182, the ADA applies to public accommodations such as businesses and services open to the public, requiring reasonable modifications only when related to access to these services. Plaintiff's claim that the City's inspection and enforcement functions are covered "services" under Title II does not imbue the city with an affirmative obligation to enforce repairs and remediation of privately owned property.

In this case, Plaintiffs resided in a privately owned property allegedly managed Melissa Mobile, a private landlord with no public accommodation role. The City of Sycamore's involvement was limited to regulatory actions such as inspections, which do not impose any legal duty on the City to enforce accommodations or repairs on private residences. *See Lakeside Condo. C Ass'n*, 135 Ill. App. 3d at 973. Because the Property is not a public accommodation, the City cannot be held liable under the ADA for failing to enforce repairs or accommodations on private property.

Page **4** of **8**

Even if the ADA applied, Plaintiffs have not satisfied the elements for a "failure-to-accommodate" claim. To prevail, they must demonstrate that the requested accommodation—here, repairs to the residence—was both reasonable and necessary to address the disability. *Wis. Cmty. Servs. v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006).

Plaintiffs allege that the City's refusal to enforce repairs on the Property affected Plaintiff Karen Sam and their disabled daughter, but they have not shown that it was reasonable for the City, a public entity, to mandate repairs on privately owned property that it neither owns nor controls. Further, they have not demonstrated how the requested repairs were necessary to ameliorate their disabilities in terms of access to public services or programs. Without such a showing, the claim fails under the ADA's failure-to-accommodate theory as well. Accordingly, the Court should rule in favor of Defendant City of Sycamore and dismiss Count IV with prejudice.

### III.     Section 1983 Due Process Violation Claim (Count V)

To state a plausible claim under 42 U.S.C. § 1983, a plaintiff must allege that: "(1) the defendant acted under color of state law; and (2) the defendant's conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Matthews v. Tienda*, No. 11 C 3353, 2014 WL 7360670, at *2 (N.D. Ill. Dec. 22, 2014). A municipality can only be held liable under § 1983 if a plaintiff establishes that the constitutional violation resulted from an official policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). In this case, Plaintiffs fail to allege any factual basis that ties the City of Sycamore's actions to a violation of their federal rights under the Constitution. Plaintiffs' claims, such as the City's refusal to facilitate repairs, do not amount to constitutional violations. As the U.S. Supreme Court has made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Plaintiffs' Complaint fails to allege specific facts showing that the City deprived them of any

constitutionally protected right. Instead, the Complaint rests on conclusory assertions that the City's failure to take further action after identifying code violations somehow reflects ill intent toward Plaintiffs. Such allegations are insufficient to state a plausible claim for relief. Accordingly, Plaintiffs' § 1983 claims should be dismissed as a matter of law under Rule 12(b)(6).

### A. Plaintiffs Fail to State a Valid Claim Under 42 U.S.C. § 1983 (Count V)

To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that the defendant's actions were connected to state authority and that those actions resulted in a violation of the plaintiff's federally protected rights. *Matthews*, 2014 WL 7360670, at 2. Here, Plaintiffs have failed to allege sufficient facts to support the elements necessary for a viable § 1983 claim. The City's conduct, as outlined in the complaint, constitutes neither state action that violated constitutional rights nor deprived the Plaintiffs of any federally protected rights.

#### a. *The City of Sycamore Did Not Act Under Color of State Law in the Alleged Eviction or Property Disputes.*

Plaintiffs assert that the City of Sycamore engaged in or supported a wrongful eviction process in violation of their constitutional rights. *See* Doc. # 64, at ¶¶ 26, 32-34. However, the complaint does not establish that the City of Sycamore took any direct or active role in the eviction proceedings initiated by the private landlord, Melissa Mobile. The alleged conduct, including the City's policy regarding repairs, is regulatory in nature and does not involve state action as required for a § 1983 claim. As the court in *Matthews* held, plaintiffs must demonstrate state involvement in the alleged deprivation of rights, which Plaintiffs have failed to do here. 2014 WL 7360670, at 2. The City's administrative actions, including the refusal to enforce housing repairs, do not amount to unconstitutional state action.

### b. *Plaintiffs Have Not Demonstrated a Deprivation of a Federally Protected Right*

To state a § 1983 claim, Plaintiffs must identify a specific constitutional or federal right that was violated. Here, Plaintiffs' complaint lacks any factual allegations showing how the City of Sycamore deprived them of their constitutional rights. The refusal to facilitate repairs is insufficient to demonstrate a violation of the Equal Protection Clause or any other constitutional right. Plaintiffs have failed to sufficiently allege that the City's conduct was motivated by discriminatory intent or that it targeted them based on a protected class.

### B. *Monell* Claim (Count V at ¶ 56)

While a *Monell* claim is not plead by name in Plaintiff's Amended Complaint, Plaintiff retains the boilerplate recitation in stating the following: that Defendant "Sycamore's actions and omissions were undertaken pursuant to the municipal practices, customs or policymaker decisions" and that Defendant's "[f]ailure to enforce was pursuant to municipal policy, custom, or practice." Doc. # 64, at ¶¶ 55-56. The Seventh Circuit has made it clear that allegations consisting of legal conclusions or recitations of the elements of a cause of action can be disregarded when considering a motion to dismiss. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

Furthermore, A *Monell* claim cannot be based upon a single incident, unless additional context supports a reasonable inference of a widespread practice. *White v. City of Chicago*, 829 F.3d 837, 843-44 (7th Cir. 2016). Here, Plaintiffs point to no other instances that would provide color to their claim that this instance was pursuant to municipal policy, custom, or practice. This Court should similarly disregard the conclusory allegations in the Complaint that are mere boilerplate recitals of the elements of the claim. Accordingly, the Court should rule in favor of Defendant City of Sycamore and dismiss Count V with prejudice.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant, CITY OF SYCAMORE, prays that this Honorable Court grants its Motion to Dismiss, and for all such other relief as this Court deems equitable and just.

Respectfully submitted,

**CITY OF SYCAMORE**
By: */s/ K. Austin Zimmer*
One of its attorneys

K. Austin Zimmer (#6276227)
Peter M. Quigley (#6344324)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000
F: (708) 222-7001
zimmer@dlglawgroup.com