**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| KAREN SAM and ROBERT SAM, | |
| Plaintiffs, | Case No. 3:25-CV-50219 |
| v. | Hon. Iain D. Johnston |
| DEKALB HOUSING AUTHORITY, et al. | |
| Defendants. | **JURY TRIAL DEMANDED** |

**MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF**

Defendant, HOUSING AUTHORITY OF THE COUNTY OF DEKALB ("HACD"), by

its attorney Allie M. Burnet of Best, Vanderlaan & Harrington, hereby moves this Court for

dismissal of Plaintiffs' Amended Complaint for Damages and Declaratory Relief, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Defendant HACD states as

follows:

**PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs, Karen and Robert Sam, previously asserted a six count Complaint against

Defendant HACD, which was subject to a motion to dismiss, resulting in dismissal by the Court

for failure to state any claim against HACD therein. *Dkt. 61.* The dismissal was without prejudice,

and Plaintiffs have now asserted an Amended Complaint which re-asserts substantially the same

allegations and certain claims previously dismissed by this Court, failing to address the

deficiencies noted by the Court in its prior memorandum opinion and order of dismissal. *Dkt. 61;*

*See Amended Complaint, attached hereto as Ex. A (Dkt. 64).*

1

Plaintiffs' Amended Complaint now asserts six counts pled against the remaining Defendants, of which the following counts are asserted against movant HACD: (1) Count I alleging violations pursuant to 42 U.S.C. §1983; (2) Count II alleging violation of Section 504 of the Rehabilitation Act; and (3) Count III alleging violation of Title II of the ADA. *Ex. A.* These claims are once again asserted based upon allegations that HACD engaged in conduct which they contend resulted in their eviction by a private landlord, who is not a party to this case nor an agent or employee of Defendant HACD. *Ex. A.* The Amended Complaint once again alleges that Plaintiff Karen Sam and their minor daughter are disabled, that Plaintiffs were participants in HACD's Housing Choice Voucher (HCV) program, and that HACD administers the HCV program in DeKalb County. *Ex. A.* Plaintiffs contend they successfully defended a DeKalb County eviction claim filed by their private landlord (BKA Holding), after which they contend HACD was required by HUD regulations to process a portability request to transfer their voucher to another jurisdiction. *Ex. A.* Plaintiffs again contend HACD failed to process their request. *Ex. A.* Plaintiffs contend that HACD's delay in processing the portability request resulted in their landlord, third party BKA Holding, filing another eviction action against them which resulted in their eviction from the third-party private property, which was subsidized through HACD's voucher program. *Ex. A.*

Plaintiffs re-allege their contention that after they were evicted from the subject property, Plaintiffs lost the housing voucher administered by HACD, and that they were accordingly damaged. *Ex. A.* The three counts asserted against Defendant HACD in Plaintiffs' Amended Complaint are subject to dismissal as a matter of law for failure to state a claim. Further, Plaintiffs' prayers for attorneys' fees must also be stricken as to any count sustained by this Court as there is no basis for pro se Plaintiffs to recover such fees.

### **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss under Rule 12(b)(6), a court accepts as true all the well-pleaded allegations and draws all reasonable inferences in the pleader's favor. *Esco v. City of Chi.*, 107 F.4th 673, 678 (7th Cir. 2024). At the same time, the district court is "free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim.'" *Id.* (quoting *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)). The court may also take judicial notice of matters of public record without converting the Rule 12(b)(6) motion into a motion for summary judgment. *See Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (citing *Ennega v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012)).

## **ARGUMENT**

A. **Count I Must Be Dismissed Because Plaintiffs Fail to Plead a Plausible Claim Against HACD Pursuant to §1983**

Claim I of the Amended Complaint recasts Count IV in Plaintiffs' initial Complaint, alleging violation of 42 U.S.C. §1983. Plaintiffs have attempted to revive this claim by alleging that HACD did not provide a written determination as to the denial of portability, did not issue a program violation that supported a "bad standing" denial, and did not provide a grievance hearing. *Ex. A*, at ¶ 36. Plaintiffs also plead boilerplate language that they were not provided "meaningful notice or opportunity to be heard," but no factual allegations regarding the same. *Ex. A* at ¶ 38. Plaintiffs' Amended Complaint does not specify whether they intended for this claim to be analyzed as a substantive or procedural due process violation, so both are addressed herein.

1. **Count I Must Be Dismissed Based on Plaintiffs' Failure to Sufficiently Plead a *Monell* Claim Against HACD**

Plaintiffs' claims against HACD herein must be dismissed based upon their failure to sufficiently plead a *Monell* claim on its face, so no claim against HACD may be sustained by the Court in Count I. Even if this Court was a proper forum for challenging the administrative loss of housing assistance, which is denied, Count I must be dismissed for failure to state a §1983 claim against HACD on its face. "[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 (1978). The *Monell* doctrine provides that HACD cannot be held liable for the acts of its employees on a *respondeat superior* theory. *Monell v. Dept. of Soc. Servs. Of City of New York*, 436 U.S. 658, 691(1978); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013). Thus, to plead a cause of action against HACD pursuant to §1983, Plaintiffs must allege a constitutional violation has occurred, plus either: (i) a written policy; (ii) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (iii) the act of a "final policymaker." *Gonzalez v. Vill. of W. Milwaukee*, 671 F.3d 649, 664 (7th Cir. 2012). A complaint will only survive a motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In the *Monell* context, a plaintiff is required to "'plead…factual content that allows the court to draw the reasonable inference' that the [municipal entity] maintained a policy, custom, or practice" that resulted in the deprivation of a constitutional right. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), *citing Iqbal*, 556 U.S. at 678. As with the original complaint, Plaintiffs again allege only a delay in processing a request for portability by an employee of HACD, failing to plead facts to support any allegation that the delay resulted from a written policy, custom or practice, or that said actions were taken against Plaintiffs by a final policymaker for HACD. Plaintiffs allege only that HACD acted contrary to certain HUD regulations requiring prompt

4

action when it purportedly delayed the processing of the portability request (which allegation is nonetheless denied). Because "misbehaving employees are responsible for their own conduct" and "units of local government are responsible only for their policies rather than misconduct by their workers," Plaintiffs' Amended Complaint fails to plead a cognizable §1983 claim against HACD. *Est. of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007); *see also Simpson v. Brown Cty.*, 860 F.3d 1001, 1005–06 (7th Cir. 2017) (a local government "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees"). Plaintiffs' Amended Complaint alleges only the purported acts of an unidentified employee, distinguishable from acts of HACD itself, so the Complaint fails to allege any facts to plausibly establish HACD's liability under §1983. *See Est. of Sims*, 506 F.3d at 515. Because Plaintiffs have failed to plead facts to support a *Monell* claim against HACD on its face, Count I is subject to dismissal as a matter of law and Plaintiffs' §1983 claim stops there.

### 2. Plaintiffs' §1983 Claims Must Also Be Dismissed Because Redress for The Claims Raised Therein Are Provided by the FHA and Related Statutes

Even if Plaintiffs' §1983 claim asserted in Count I was sufficient to plead a *Monell* claim against HACD (which is denied), Count I must also be dismissed because redress for Plaintiffs' claims is exclusively provided by the remedial mechanisms of the Fair Housing Act ("FHA"), ADA and/or the Rehabilitation Act. While a Plaintiff may bring a §1983 suit to enforce rights defined by federal statutes, an exception exists when a comprehensive remedial scheme evinces a congressional intent to foreclose resort to Section 1983 for remedy of statutory violations. *Alsbrook v. City of Maumelle, 184 F.3d 999,1011(8th Cir. 1999) (citing Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n.,* 453 U.S. 1, 10-11 (1981); *See also Hopkins v. Springfield Housing Auth.,* 2014 WL 3583857 (C.D. Ill. July 21, 2014). The aforesaid statutes, but particularly the FHA,

prohibit discrimination and provide a private right of action for individuals who have allegedly been denied their rights under the FHA. 42 U.S.C. § 3604(a), 42 U.S.C.§3616. Because there is a comprehensive remedial scheme for redressing alleged violations of the FHA, ADA and Rehabilitation Act, Plaintiff's §1983 claims should likewise be dismissed as improper. *Hopkins,* 2014 WL 3583867 at *6.

### 3. Count I Nonetheless Fails to Allege a Due Process Violation Because Plaintiffs Allege Only Random and Unauthorized Action and Plaintiffs Have Adequate State Law Remedies

Plaintiffs have further failed to allege a procedural due process violation in Count I because their claim is based, at best, upon the random and unauthorized alleged conduct of HACD staff relative to the handling of the subject portability request and events following the same, and because Plaintiffs do not allege that post-deprivation remedies are inadequate.

Plaintiffs' Amended Complaint has removed identification of the specific employee who they contend mishandled the portability request, but the amendment does not (as set forth more fully above) allege that it was the result of any custom, policy, or practice of HACD or the act of any final policymaker. Therefore, at best, Plaintiffs' amended complaint again pleads only the act of an employee which is insufficient as a matter of law to support Plaintiffs' claim in Count I. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Such an allegation is insufficient to support liability against Defendant HACD, and Count I is likewise subject to dismissal based upon the same.

As such, Count I must also be dismissed because a plaintiff alleging a procedural due process claim based on "random and unauthorized" conduct of a state actor "must either avail

herself of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate." *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir.1996) (citing *Daniels v. Williams*, 474 U.S. 327, 339–40 (1986) (Stevens, J., concurring)). Although Plaintiffs generally allege denial of due process under the law, Plaintiffs' claims fail because they significantly do not allege that they availed themselves of administrative or state law remedies, including an informal hearing on termination of their voucher under federal and local regulations, or a state-law petition for a writ of certiorari for review of the termination decision. *See*, *e.g.*, *Tolliver v. Hous. Auth. of Cty. of Cook*, 2017 IL App (1st) 153615, ¶ 19; *Landers v. Chicago Hous. Auth.*, 936 N.E.2d 735 (Ill. App. Ct. 2010). These procedures are constitutionally adequate, and Plaintiffs have not met their burden to allege otherwise. *See Doherty*, 75 F.3d 318 at 324–25 (post deprivation remedy); *Hatter v. Williams*, 844 F. App'x 870, 875 (7th Cir. 2021) (pre deprivation remedy). The mere existence of these protections is dispositive, as "the constitutional question is not whether sufficient protections were afforded." *Kazak v. Village of Bedford Park*, 574 F.Supp.2d 858, 861 (N.D. Ill 2008) (citing *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008)). Nor do Plaintiffs sufficiently plead a substantive due process claim, which likewise requires allegations of a separate constitutional violation or the inadequacy of state-law remedies. Based on the same, Plaintiffs' procedural and substantive due process claims pled in Count I must be dismissed for failure to state a claim. *See Doherty*, 75 F.3d 318 at 325; *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 943 (7th Cir. 2010); *Mogan v. City of Chicago*, 2022 WL 159732 at *16 (N.D. Ill. Jan. 18, 2022). Based on all of the foregoing, Plaintiffs' due process claims pled in Count I must also be dismissed based upon Plaintiffs' failure to sufficiently plead procedural or substantive due process violations as a matter of law.

**4. In the Alternative, Count I Should Be Dismissed Because Plaintiffs Cannot Plead any *Monell* Claim Based on Allegations Regarding Their Situation Alone**

7

As set forth above, Plaintiffs' claim in Count I must be dismissed because Plaintiffs fail to allege any official custom, policy or practice that was the "moving force" behind their alleged deprivation of due process. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Here, Plaintiffs have not asserted the boilerplate language of the original complaint to assert a *Monell* claim, but in an abundance of caution and so as to prevent waiver, Count I must also be dismissed because Plaintiffs' own personal experience as pled is insufficient to plausibly allege their claim against HACD in Count I. To allege a policy or custom under *Monell,* a plaintiff's allegations may not "rest entirely on their own personal experiences," there must be "more than one instance" of alleged wrongdoing, and "even three instances may not be sufficient in some cases." *See, e.g., Petropoulos v. City of Chicago,* 448 F.Supp.3d 835, 840-841 (N.D.Ill. 2020) (internal citation omitted). Courts in this district have consistently held that plaintiffs fail to plausibly allege a widespread practice of denying process under their programs before terminating benefits when they provide "no examples of similar incidents to support their personal account." *Id.; Powell v. Chicago Housing Authority,* 2025 WL 1795104 at *7 (N.D.Ill. June 30, 2025); *Chaney v. Chicago Housing Authority,* 2024 WL 4751208, at *1 (7th Cir. 2024). Because Plaintiffs merely plead what they contend happened to them in the Amended Complaint, but fail to identify any similar incidents or other factual allegations to support an inference of HACD's purported policy or practice regarding the same, dismissal of Count I is also required on that basis.

**B.      Counts II-III Must Be Dismissed for Failure to State a Cognizable Claim under the Rehabilitation Act and/or ADA**

Plaintiffs' Amended Complaint further alleges violations of the Rehabilitation Act (Count II) and ADA (Count III). Both counts plead essentially the same legal theory of failure to accommodate. The same analysis applies across these statutes, so Defendant addresses both statutes and claims here. *See Valencia v. City of Springfield*, 883 F.3d 959, 967 (7th Cir. 2018).

The Seventh Circuit has held that a "plaintiff may prove a violation of the FHA, ADA, and/or Rehabilitation Act by demonstrating: (1) disparate treatment; (2) disparate impact; or (3) a refusal to make a reasonable accommodation." *Id.* Moreover, "[f]or each respective theory, the same analysis generally applies under all three statutes." *Id.* Regardless of which statute applies, Plaintiffs' Amended Complaint must be dismissed for failure to sufficiently plead their claims in Counts II-III.

### 1. Plaintiffs Fail to Sufficiently Plead a Failure to Accommodate Claim

Counts II and III of Plaintiffs' Amended Complaint contend that through the alleged delayed processing of their portability request, HACD failed to provide reasonable accommodation to Plaintiffs and to ensure equal housing access, in violation of the Rehabilitation Act (Count II) and/or ADA (Count III). Plaintiffs' failure to accommodate claims must be dismissed under both statutes. To state a claim for failure to provide a reasonable accommodation, Plaintiffs must allege: (1) they are disabled; (2) defendant was aware of the disability; and (3) the defendant failed to reasonably accommodate their disability. *Trimuel,* 695 F. Supp. 3d at 981; *Valencia,* 883 F.3d at 967. A public entity must reasonably accommodate a person with a disability "by making changes in rules, policies, practices or services as is necessary to provide that person with access to housing that is equal to that of those who are not disabled." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 561 (7th Cir. 2003).

Plaintiffs' Amended Complaint does not plausibly allege that HACD failed to reasonably accommodate their alleged disabilities when it purportedly delayed their portability request. As an initial matter, Plaintiffs have not alleged the most basic requirement to support their claim – that a request for accommodation was ever made to HACD related to any alleged disability. The first issues in any such claim are whether the plaintiff requested accommodation, and whether that accommodation is reasonable. *Oconomowoc Residential Programs v. City of Milwaukee,* 300 F.3d

775, 784 (7ᵗʰ Cir. 2002). Plaintiffs allege that the HACD "refused to process portability despite medical necessity." *Ex. A* at ¶43a. However, the Amended Complaint is devoid of any allegation that a request for accommodation was ever made, that said request was reasonable and/or necessary to accommodate any disabilities alleged, and/or that any such request was denied and/or not properly considered under the law. At best, Plaintiffs insinuate some affirmative duty to accommodate in ¶47's boilerplate and conclusory allegation that HACD "failed to reasonably modify its procedures to avoid disability-based exclusion and displacement." *Ex. A.* at ¶ 47. However, housing authorities do not need to make reasonable accommodations when a request has not been made; the request for accommodation is a prerequisite to the provider's obligation to the accommodation process. *See Guzman v. Brown Cnty.*, 884 F.3d 633, 642 (7th Cir. 2018); *Talley v. Housing Authority of Cook Cnty.*, 2022 WL 17668604 (N.D. Ill. 2022). Where, as here, the only request alleged by Plaintiffs is for portability of their housing voucher, a reasonable accommodation request has not been alleged by Plaintiffs (and Defendant HACD nonetheless denies such a request was ever made). Because Plaintiffs do not allege any request for reasonable accommodation was ever submitted (let alone facts as to what request was made, when the request was made, what was requested, or to allege said request was reasonable or necessary), Plaintiffs' failure to accommodate claims stop there and Counts II-III are subject to dismissal as a matter of law.

Even if the Court concludes that Plaintiffs have plausibly alleged a request was made, which is denied, Plaintiffs' failure to accommodate claims fail to plead facts suggesting any requested accommodation was not only reasonable but that the accommodation requested would have ameliorated the effects of Plaintiffs' claimed disabilities. *See Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995). It is well-settled that the duty of reasonable accommodation is confined to

10

rules, policies, practices, or services that harm people with disabilities by reason of their disability. *Good Shepherd*, 323 F.3d at 561. Plaintiffs do not allege what HACD could have done to reasonably accommodate their alleged disabilities. Any alleged failure by HACD to process their portability request does not support a plausible failure to accommodate claim because the delay is not alleged to have hurt Plaintiffs "by reason of their handicap" rather than "by virtue of what they have in common with other people, such as a limited amount of money to spend on housing." *Good Shepherd*, 323 F.3d at 561. Any participant in HACD's program could raise similar allegations that delayed processing of a portability request impacted their ability to port out to another jurisdiction, and Plaintiffs' allegations in Counts II-III are insufficient to proceed on a failure to accommodate theory. *Id.* at 561 (Plaintiff could not proceed on reasonable accommodation theory where they did not allege that rules or actions of defendant affected disabled persons differently than others). Plaintiffs have attempted to correct this deficiency from the original complaint by simply adding the conclusory language "by reason of disability" to the face of Counts II and III. However, such conclusory and boilerplate language is insufficient to create a plausible claim where it did not exist before. *Graham v. Herron Prop. Mgmt. LLC*, No. 22-2883, 2023 WL 3581958 at *1 (7th Cir. 2023); *see* also *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). Accordingly, Plaintiffs' claims alleged in Counts II-III must be dismissed for failure to plead a cognizable claim under the Rehabilitation Act or ADA.

2. **Plaintiffs Likewise Fail to Sufficiently Allege Disparate Treatment or Impact Claims Under Either Statute**

Defendant HACD reads Plaintiffs' claims in Counts II-III of the Amended Complaint as asserting only failure to accommodate claims under the subject statutes. However, solely for the purpose of avoiding waiver of any such arguments, Plaintiffs' claims therein likewise fail to plead

11

claims based upon disparate treatment and/or impact based on the disabilities alleged and this Court must further dismiss any such claims they construe as pled on those bases as well.

As to any claims of disparate treatment or "direct discrimination," Counts II-III must be dismissed by this Court because they fail to allege facts (rather than solely conclusory or boilerplate language) supporting a claim that HACD delayed processing of their portability request *because of* the household members' disability. *See Wilson v. Warren Cty.*, 830 F.3d 464, 467 (7th Cir. 2016). As with their original complaint, Plaintiffs' Amended Complaint fails to allege knowledge of the household members' qualifying disabilities, and fails to allege specific facts to connect any claims of HACD's action or lack thereof to a household member's disability. Therefore, Plaintiffs fail to meet their burden and instead have pled facts admitting that HACD "would have behaved the same regardless of the disability." *Wilson*, 830 F.3d at 468. The Seventh Circuit has consistently held that the fact of a household members' disabilities alone does not sufficiently allege that a defendant "targeted the family for that reason." *Graham v. Herron Prop. Mgmt. LLC*, No. 22-2883, 2023 WL 3581958 at *1 (7th Cir. 2023) (Plaintiff who alleged she made multiple requests for her landlord to perform repairs and authorize a service animal failed to allege disability discrimination). Here, as in *Graham,* Plaintiffs' "unadorned assertions of discrimination do little more than state legal conclusions, which are insufficient to claim plausibly that [HACD] took any actions because of protected characteristics…whether we look to the Fair Housing Act or to other anti-discrimination laws that [the plaintiff] discusses." *Id.* at *1-2. (citing *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022)). Accordingly, Plaintiffs' efforts to assert direct discrimination claims in Counts II-III are also subject to dismissal for failure to plead those claims.

To the extent Plaintiffs' Amended Complaint attempts to mount a disparate impact claim in Counts II-III, Plaintiffs also fail to plausibly plead the same because they fail to allege that HACD's practices disproportionately impact disabled people. Plaintiffs' Amended Complaint is devoid of any such factual allegations. "To state a claim for a disparate impact, a plaintiff must allege that the defendant's practices have a 'disproportionately adverse effect' on the protected class and 'and are otherwise unjustified by a legitimate rationale.'" *Trimuel v. Chicago Housing. Authority*, 695 F. Supp. 3d 972, 982 (N.D. Ill. 2023) (quoting *Tex. Dep't of Hous. and Cmty. Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 524 (2015)); *see also Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006). "A plaintiff sufficiently pleads disparate impact by alleging: (1) a statistical disparity; and (2) that the defendant maintained a specific policy; and (3) such policy caused the disparity." *Trimuel*, 695 F. Supp. 3d at 982. "A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." *Inclusive Communities*, 576 U.S. at 543. Nor have Plaintiffs alleged facts to support the "robust causal connection" required of them at the motion to dismiss stage. *Id.* at 982; *Roberts v. City of Chi.*, 817 F.3d 561, 566 (7th Cir. 2016) (failure to state a claim where complaint alleged discrimination against the plaintiffs but not disabled applicants generally, and lacked factual content suggesting the City's testing process caused a relevant and statistically significant disparity against disabled applicants). Accordingly, to the extent Plaintiffs attempt to raise such a claim, Plaintiffs' Amended Complaint fails to do so and any such claims are also subject to dismissal as a matter of law.

Based on all of the foregoing, Plaintiffs' claims in Counts II-III must be dismissed in their entirety for failure to state a claim on any basis under the Rehabilitation Act or ADA.

**C.      To the Extent Any Claims are Construed Based on HACD's Alleged Failure to Comply with Federal Housing Regulations Plaintiff Has No Private Right of Action**

Plaintiffs allege that Defendant HACD, through the acts of its employee(s), violated their rights and/or other statutes set forth in the Amended Complaint by allegedly failing to comply with HUD's regulations relative to processing requests and/or the portability process, regarding conditions at the subject privately owned premises from which they were evicted, and/or in the conclusion of their housing assistance through the HCV program. Although Plaintiffs assert no specific count based solely upon such alleged violations, Defendant HACD addresses the same so as to avoid waiver. Specifically, HUD's regulations foreclose a private right of action to enforce its regulations. Section 982 does not create any right of the family, or any party other than HUD or public housing agency ("PHA") to require enforcement of requirements by HUD or the PHA or to assert any claim against HUD or the PHA for damages, injunction, or other relief, for alleged failure to enforce the HQS. *24 C.F.R. §982.407*; see also *Davis v. Sellas*, 580 F. App'x. 467, 468 (7th Cir. 2014) (no private right of action exists for a Section 8 voucher holder to force a landlord to comply with housing quality standards). Plaintiffs' Amended Complaint does not assert any claim supporting a private right of action to enforce HUD's regulations or standards and, accordingly, fails to plead a plausible claim based on the same. To the extent this Court construes any allegation as attempting to present a claim based upon the violation of the federal housing regulations, dismissal is required.

**D. Plaintiffs' Prayer for Attorneys' Fees Must Be Stricken as a Matter of Law**

In the alternative, should any claims be sustained, this Court must strike Plaintiffs' prayer for attorneys' fees in the Amended Complaint as pro se litigants are not entitled to collect attorney's fees and a non-attorney is not entitled to attorney's fees. *Kay v. Ehrler,* 499 U.S. 432 (1991); *Smith v. DeBartoli,* 769 F.2d 451, 453 (7th Cir. 1985); *DeBold v. Stimson*, 735 F.2d 1037, 1041 (7th Cir.

14

1984). Therefore, unless and until Plaintiffs are represented by counsel herein no such relief is available to them as a matter of law.

## CONCLUSION

Because Plaintiffs have failed to state a claim against Defendant HACD as to all remaining claims, HACD is entitled to dismissal of all claims asserted in the Amended Complaint, as a matter of law. Because Plaintiffs have demonstrated that they cannot amend their complaint to state a plausible cause of action despite repeated opportunities to do so, dismissal of the Amended Complaint, with prejudice, is proper. In the alternative, as to any claims which remain, Defendant HACD moves this Court to strike Plaintiffs' prayer for recovery of attorney's fees.

WHEREFORE, Defendant, HOUSING AUTHORITY OF THE COUNTY OF DEKALB, prays that this Court grants its motion to dismiss Plaintiffs' Amended Complaint, with prejudice, in the alternative to strike the prayer for recovery of attorney's fees, and for all other relief in its favor which this Court deems just and proper.

Respectfully submitted,

**HOUSING AUTHORITY OF THE COUNTY OF DEKALB**

*/s/ Allie M. Burnet*

Allie M. Burnet
**Best, Vanderlaan & Harrington**
200 N LaSalle St., Suite 2600
Chicago, IL 60601
(312) 819-1100
eservice@bestfirm.com
aburnet@bestfirm.com

15

## CERTIFICATE OF SERVICE

I, the undersigned, state that I caused copies of the foregoing to be served, with enclosures referred to thereon, if any, by **electronic delivery through the Court's filing system** to all parties of record, at their addresses of record, on March 10, 2026.


*/s/ Allie M. Burnet*