

FILED

3/10/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CVK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

KAREN SAM and ROBERT SAM, individually and on behalf of H.S., a minor,
Plaintiffs,

v.

DEKALB HOUSING AUTHORITY,
TOWN OF SYCAMORE, and
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Defendants.

Case No. 3:25-cv-50219
Judge Iain D. Johnston

# PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CITY OF SYCAMORE'S MOTION TO DISMISS

Plaintiffs Karen Sam and Robert Sam respectfully submit this Response in Opposition to Defendant City of

Sycamore's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

# I. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At this stage, the Court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Dismissal is inappropriate where the complaint alleges facts that, if proven, would establish a violation of federal law. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

# II. PLAINTIFFS HAVE ADEQUATELY ALLEGED STANDING

Defendant argues Plaintiffs lack standing because their injuries were not caused by the City. This argument fails.

Standing requires only that Plaintiffs allege:

(1) an injury in fact,
(2) traceable to Defendant's conduct, and
(3) redressable by the Court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).

Plaintiffs have clearly alleged all three.

Plaintiffs alleged that the City conducted inspections and identified dangerous housing code violations, including structural instability, water penetration, foundation defects, and safety hazards. Plaintiffs further alleged the City failed to take meaningful enforcement action despite knowledge of serious safety risks affecting a disabled household.

These omissions directly contributed to Plaintiffs' continued exposure to unsafe conditions, housing instability, and displacement.

The Seventh Circuit has recognized that municipal conduct contributing to unsafe housing conditions and deprivation of protected rights satisfies standing requirements. See Reed v. Village of Shorewood, 704 F.2d 943, 948 (7th Cir. 1983).

Also it needs to be made very clear here, the attorney for sycamore sent us a letter saying they where changing the town ordinances just on our address so that the landlord does not have to make repairs. We plan to submit that letter into evidence if we make it to discovery. How does

that not show that the town of sycamore was working directly with the landlord to help and protect her while allowing these code violations that hurt my disabled family. How is that ok?

# III. PLAINTIFFS HAVE STATED A VALID CLAIM UNDER THE ADA (COUNT IV)

Defendant incorrectly argues that the ADA does not apply because the residence was privately owned. This misstates the law.

Title II of the ADA applies to public entities and their services, programs, and activities. 42 U.S.C. § 12132.

The Supreme Court has held that Title II applies broadly to all services provided by public entities. See Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998).

Municipal inspection and code enforcement functions are public services within the meaning of Title II.

The Seventh Circuit has held that public entities violate Title II when their services deny meaningful access to disabled individuals. See Wisconsin Community Services,

Inc. v. City of Milwaukee, 465 F.3d 737, 750 (7th Cir. 2006).

Plaintiffs alleged that:

• the City knew the household included disabled individuals,
• the City identified hazardous conditions, and
• the City failed to provide meaningful protection or accommodation despite that knowledge.

These allegations sufficiently state a claim under the ADA.

# IV. PLAINTIFFS HAVE STATED A VALID CLAIM UNDER § 1983 (COUNT V)

To state a claim under 42 U.S.C. § 1983, Plaintiffs must allege:

(1) deprivation of a federally protected right, and
(2) that Defendant acted under color of state law.

West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiffs alleged that the City, acting under color of state law, knowingly failed to enforce safety protections

necessary to ensure safe housing conditions for a federally subsidized household.

Municipal liability exists where constitutional violations result from official policy or custom. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Plaintiffs specifically alleged that:

• City officials conducted inspections,
• documented serious code violations,
• failed to require timely remediation, and
• allowed hazardous conditions to persist despite known risks.

These allegations plausibly establish municipal action and policymaker involvement sufficient to survive dismissal.

At the pleading stage, Plaintiffs are not required to prove their claims, only to allege plausible facts supporting them. Twombly, 550 U.S. at 556.

Again the letter from sycamore and there lawyer says exactly this. The claimed they where changing there own ordinances and codes just on our address, how can that be? How can that not be anything but deprivation of our rights and federal backed housing laws?

# V. MUNICIPAL LIABILITY IS PLAUSIBLY ALLEGED

Defendant argues Plaintiffs failed to allege municipal policy or custom. This is incorrect.

Plaintiffs alleged that City officials responsible for code enforcement identified violations and failed to take corrective action.

Actions taken by municipal officials with final policymaking authority may establish municipal liability. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986).

The City's inspection officials, including the Community Development Department, exercised authority directly relevant to enforcement decisions affecting Plaintiffs' housing safety.

These allegations plausibly establish municipal liability. John Sauter and Erin Lockhart from sycamore both came out many times. They drafted a letter to the landlord and Dekalb housing authority about all the violations and work that is needed to be done. Nothing was done. Mr. Sauter's own relative worked on the housing authority and still they ignored his own letter of violations. What is the point of codes and ordinances if now that don't matter? Why make people even get permits if the

ordinances and laws don't matter? Because here this lawyer is saying, it don't matter.

# VI. DISMISSAL AT THIS STAGE WOULD BE IMPROPER

The purpose of Rule 12(b)(6) is to test the sufficiency of the complaint, not to resolve factual disputes.

The Supreme Court has emphasized that complaints need only provide fair notice of claims and plausible entitlement to relief. Erickson, 551 U.S. at 93.

Plaintiffs' Amended Complaint provides detailed factual allegations supporting their claims.

Discovery is necessary to fully develop the facts.

Dismissal at this stage would be improper.

# VII. CONCLUSION

Plaintiffs have plausibly alleged violations of federal law by the City of Sycamore.

The Amended Complaint satisfies the pleading requirements of Rule 8 and Rule 12(b)(6).

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendant City of Sycamore's Motion to Dismiss in its entirety.

Respectfully submitted,

/s/ Karen Sam
Karen Sam, Pro Se

/s/ Robert Sam
Robert Sam, Pro Se

Dated: 3/10/26