# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| KAREN SAM & ROBERT SAM, | Case No. 3:25-cv-50219 |
| Plaintiffs, | |
| v. | Honorable Iain D. Johnston |
| DEKALB HOUSING AUTHORITY, et al. | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

The Court previously dismissed Plaintiffs Karen Sam and Robert Sam's complaint without prejudice. Dkt. 61. The Sams filed an amended complaint naming the Housing Authority of the County of Dekalb (HACD), the City of Sycamore, Illinois, and the U.S. Department of Housing and Urban Development as defendants. Dkt. 64. HUD was subsequently voluntarily dismissed from the action. Dkt. 70. HACD and Sycamore have each moved to dismiss the Sams' amended complaint under Fed. R. Civ. P. 12(b)(6). Dkts. 69; 73. For the reasons that follow, the motions are granted and the complaint is dismissed without prejudice.

## I.     Background[1]

To start, the Sams' disabled minor daughter, H.S., is again named as a party. Am. Compl. at ¶4. As the Court has noted before, she must be dismissed because

---

[1] These facts are taken from the Amended Complaint [64]. The Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

her parents, who pursued this matter *pro se*, cannot represent her. *See Foster v. Bd. of Educ. of City of Chi.*, 611 F. App'x 874, 877 (7th Cir. 2015) (collecting cases).

The Sams, who lived in Sycamore, participated in the Section 8 Housing Choice Voucher Program administered by HACD. Am. Compl. at ¶¶ 4, 6 After successfully appealing a prior eviction, the Sams asked HACD to process a voucher portability transfer in early 2023. *Id.* at ¶¶ 11-13. HACD refused to process the request because HACD claimed the Sams were in bad standing with their landlord. *Id.* at ¶ 15. HACD didn't issue any program violation notices, provide a grievance hearing, provide a written determination, or allow the Sams an opportunity to contest the denial despite the Sams' request for a hearing. *Id.* at ¶¶ 15-18. Throughout this, HACD continued paying the Sams' landlord, Melissa Mobile. *Id.* at ¶ 19.

At the same time, the Sams lived in a home that had serious physical problems. Written inspection letters authored by Sycamore's Director of Community Development identified several problems: water heater failures, leaks from rain, foundation defects, roof defects, and other interior safety hazards. *Id.* at ¶ 23. Sycamore acknowledged these problems but failed to require repairs. *Id.* at ¶¶ 24-25.

The Sams ultimately lost their housing voucher and faced homelessness, emotional distress, out of pocket expenses, and worsening medical conditions. *Id.* at ¶¶ 32-34.

The Sams now bring three claims against HACD alleging: (1) violations of due process under 42 U.S.C. § 1983; (2) violations of the Rehabilitation Act (29 U.S.C. § 794); and (3) violations of the Americans with Disabilities Act (42 U.S.C. § 12132). The Sams also bring two counts against Sycamore alleging: (1) violations of the Americans with Disabilities Act (42 U.S.C. § 12132) and (2) violations of due process under 42 U.S.C. § 1983.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court accepts factual allegations as true. *Id.* It doesn't accept as true legal conclusions or a recitation of the elements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The facts "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss, [but] she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a

3

cause of action' for her complaint to be considered adequate . . . ." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021). Actions brought *pro se* are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Analysis

#### i. Standing

Sycamore argues that the Sams lack standing to bring claims against them. Standing is a critical component of a court's subject-matter jurisdiction that must be secured at each stage of the litigation. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). At the motion to dismiss stage, a plaintiff must only plausibly allege that standing exists. *Silha v. ACT, Inc.*, 807 F.3d 169, 173-74 (7th Cir. 2015). Standing requires a plaintiff to allege that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 1992)).

An injury in fact requires the actual or imminent invasion of a legally protected interest that is concrete and particularized. *Spokeo*, 578 U.S. at 339 (citing *Lujan*, 504 U.S. at 560). Among other injuries, the Sams allege that they suffered medical deterioration and emotional stress. These are concrete harms. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (recognizing that physical

4

injury is a concrete injury in fact). Reading the complaint liberally, at least some of this is attributable to the unsafe conditions within the Sycamore home.

Causation and redressability "'are closely related[,] like two sides of a coin.'" *Duberry v. District of Columbia*, 924 F.3d 570, 581 (D.C. Cir. 2019) (quoting *West v. Lynch*, 845 F.3d 1228, 1235 (D.C. Cir. 2017)). Redressability focuses on whether there is "a likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). "If a defendant's action causes an injury, enjoining the action or awarding damages for the action will typically redress that injury." *Diamond Alternative Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100, 111 (2025). In this case, damages would adequately address the Sams' injuries.

Causation asks whether a plaintiff's injury is "fairly traceable" to the defendant and not to an independent act of a third party. *Lujan*, 504 U.S. at 560. Government inaction, such as the failure to enforce the housing code, that directly affects a third party doesn't preclude standing. *Id.* at 562. If the injury "arises from the government's ... lack of regulation [of a third party,] ... causation and redressability ordinarily hinge on the response of the regulated (or regulable) third party to the government action or inaction—and perhaps on the response of others as well." *Id.*

In this case, it's at least plausible from the face of the complaint that if Sycamore had enforced the housing ordinances, the Sams' landlord would have remedied the problems with the house. This would have abated the injuries that are

attributable to the house's condition. So, the Sams have adequately alleged the existence of standing and the Court can proceed to the merits of their claims.

> ii.     *Counts II, III, and IV – Violations Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.*

The Sams allege that both Sycamore and HACD violated the Americans with Disabilities Act. They further allege that HACD violated the Rehabilitation Act.

As noted in the Court's January 8, 2026 order, the Rehabilitation Act and the Americans with Disabilities Act treat discrimination similarly. *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 967 (7th Cir. 2018). A plaintiff may prove a violation of both statutes by showing: "(1) disparate treatment; (2) disparate impact; or (3) a refusal to make a reasonable accommodation." *Id.* Under any of these theories, the complaint falls short.

Disparate treatment requires allegations that the defendant had a discriminatory intent or motive. *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). Although the Sams allege that HACD and Sycamore knew that the Sams were disabled, there are no allegations that the Sams were treated differently *because of* any disability. S*ee Wilson v. Warren Cty.*, 830 F.3d 464, 467-68 (7th Cir. 2016). There are no facts suggesting that Sycamore or HACD intended to treat the Sams differently. Without this, a disparate treatment claim fails.

The amended complaint also fails to establish a claim for disparate impact. Disparate impact claims require allegations that a defendant's practices have a "disproportionately adverse effect" on the protected class "and are otherwise unjustified by a legitimate rationale." *Trimuel v. Chi. Hous. Auth.*, 695 F.Supp.3d

6

972, 982 (N.D. Ill. 2023) (quoting *Tex. Dep't. of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 579 U.S. 519, 524 (2015)). "A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." *Inclusive Cmtys. Project*, 576 U.S. at 543.

The Sams haven't produced statistical evidence or alleged sufficient facts to support the inference that HACD or Sycamore's actions were in any way connected to their disability. Based on the facts alleged, there is no way to reasonably infer that Sycamore chose not to bring an enforcement action against the Sams' landlord because the Sams were disabled. Likewise, the Sams have not alleged any plausible connection between HACD actions and a disability.

Finally, the Sams again fail to state a claim based on reasonable accommodation. Refusing to provide necessary accommodations is a basis for liability. *Conners v. Wilkie*, 984 F.3d 1255, 1260 (7th Cir. 2021). To succeed on a reasonable accommodation theory under both the ADA and the Rehabilitation Act, a plaintiff must allege "(1) she is a qualified individual with a disability; (2) the defendant was aware of her disability; and (3) the defendant failed to reasonably accommodate her disability." *Smithson v. Austin*, 86 F.4th 815, 820 (7th Cir. 2023); *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005).

First, it's not even plausibly alleged that Sycamore or HACD were aware of the need for any accommodation. Sycamore and HACD can't be liable for refusing to provide an accommodation they didn't know was needed. *Ekstrand v. Sch. Dist. of*

*Somerset*, 583 F.3d 972, 976 (7th Cir. 2009). Although the amended complaint alleges that Sycamore and HACD knew that Karen Sam and H.S. were disabled, the amended complaint doesn't indicate how that disability made it more difficult to use Sycamore or HACD's services or that either Sycamore or HACD knew the Sams had difficulty accessing those services. The amended complaint also doesn't allege that an accommodation was requested or how an accommodation would remedy any accessibility problems. For these reasons, counts (ii), (iii), and (iv) are dismissed for failure to state a claim.

iii. *Counts I and V – Violations of Due Process, 42 U.S.C § 1983*

The Sams allege that HACD and Sycamore deprived them of property without due process. They claim that they had a protected interest in Sycamore's municipal processes and a right to continue to participate in the housing choice voucher program. Am. Compl. at ¶ 56. They also contend that HACD deprived them of their property interest without sufficient notice or an opportunity to be heard. Specifically, they allege that HACD failed to hold a grievance hearing and determined that the Sams were in bad standing without issuing a program violation notice, holding a grievance hearing, or providing any written determination or opportunity to contest the denial. *Id*. at ¶ 36.

Any substantive due process claim fails because it requires the abridgment of a fundamental constitutional right. *Robbin v. City of Berwyn*, 108 F.4th 586, 589-90 (7th Cir. 2024). Fundamental rights include "'the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use

8

contraception, [and] to bodily integrity . . . .'" *Hayden ex rel. A.H. v. Greensburg Cmty. Sch. Corp.*, 743 F.3d 569, 575 (7th Cir. 2014) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). There's no alleged abridgment of a fundamental constitutional right; there's no substantive due process claim.

To state a claim under 42 U.S.C. § 1983 for a deprivation of procedural due process, a plaintiff must allege that a defendant, while acting under color of state law, deprived her of a protected interest with "insufficient procedural protections surrounding that deprivation." *Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018) (quoting *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008)).

The claim against Sycamore is insufficiently pled. Although the Sams have alleged a sufficient connection between their injuries and Sycamore to establish standing, they have not alleged a connection between a loss of their protected interest and Sycamore. Sycamore allegedly failed to enforce its housing code, but it's unclear how that caused the Sams to lose their housing voucher. What's more, "it is well settled that a due process claim cannot be based simply on a town's refusal to enforce an ordinance." *Devaney v. Kilmartin*, 88 F. Supp. 3d 34, 57 (D. R.I. 2014).

As it relates to HADC, a local government unit is only liable under 42 U.S.C. 1983 if "the constitutional violation was caused by a governmental 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *First Midwest Bank ex rel. Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021) (quoting *Monell v. Dep't of Soc. Servs.*,

9

436 U.S. 658, 694 (1978)). The Sams have not sufficiently pled, beyond a threadbare recitation, that there is any official policy, practice, or custom depriving them of their right to due process. The Sams have not pleaded any facts suggesting that any policymaker decided to deprive them of due process. Without these facts, the Court must dismiss the procedural due process claim.

### IV.    Conclusion

For the above reasons, the motions to dismiss [69 and 73] are granted. The amended complaint will again be dismissed without prejudice. The Sams are given until June 1, 2026, to file a second amended complaint that cures the defects of the amended complaint. If no second amended complaint is filed by that date, the action will be dismissed with prejudice. This will be the Sams final opportunity to plead a claim. The Sams must not name H.S. as a party. Doing so will result in sanctions.

Entered: May 15, 2026                                    By: _____

                                                               Iain D. Johnston
                                                               U.S. District Judge